S. W. Moss, Plaintiff in Error, *v.* THOMAS CULLY, Defendant in Error.

*Error to Clackamas.*

In a suit upon a note, an allegation in the complaint that " defendant made his promissory note in writing, and thereby promised to pay plaintiff," is sufficient to show that plaintiff is the owner of the note.

*A. E. Wait*, for plaintiff in error.

*A. Campbell*, for defendant in error.

DEADY, J. This was an action at law upon a promissory note made by Moss to Cully. At the September term, A. D. 1854, of the court below, judgment, on demurrer to the complaint, was rendered against Moss, for the sum of three thousand five hundred and forty dollars and fifty cents.

It is not necessary to formally pass upon any of the errors assigned, except the fourth. The others refer to the sufficiency of the summons ; and the party, by appearing to it, and pleading to the action, has confessed that it answered the purpose for which it was intended ; that is, to bring the defendant into court.

The fourth error is, that the complaint does not show that Cully was the owner of the note sued upon. The complaint alleges that Moss "made his promissory note in writing, and thereby promised to pay to the plaintiff," &c. No delivery is expressly averred ; and now it is said for Moss, that delivery being essential to the plaintiff's title, it must be expressly averred or fairly implied from the allegations which are made. We think the doctrine is correct, and that the case is clearly within the rule. Although delivery be essential to a *deed*, yet it need not be expressly averred, the delivery being implied in the allegation that the deed was made. (*See Chitty's Plea. vol.* 1.)

Here the allegation is that the party " made his promissory note, and thereby promised to pay the *plaintiff*." How could this be done without a delivery of the note ; and if it was done, what doubt can be raised that the plaintiff is not *prima facie* the owner of the note, and entitled to sue upon it. Counsel have suggested that for aught that appears upon the face of the complaint, the plaintiff *may* have obtained the note surreptitiously, by mistake, or fraud. True it is, all this and more *may* be, but *is it so ?* If it is, the defendant knows it, and can plead his own defence. The plaintiff states his own case and not the defendant's, nor is he bound to anticipate every or any possible defence that may be made and negative the same. The complaint is a legal statement of the facts which constitute the plaintiff's cause of action.

Judgment affirmed.