<hr/>

[Filed June 21, 1892.]

## W. V. WORMINGTON ET AL. v. W. M. PIERCE ET AL.

COUNTIES — LIMIT OF INDEBTEDNESS.—An indebtedness incurred by a county in excess of five thousand dollars is void, unless incurred to suppress insurrection or repel invasion, and its payment will be enjoined at the suit of a tax-payer of the county.

Umatilla county: M. D. CLIFFORD, Judge.

Defendants appeal.    Affirmed.

The object of this suit is to enjoin the authorities of Umatilla county from issuing to one Byers warrants of said county to the amount of three thousand five hundred dollars, on the ground that said county was then indebted in a greater sum than is permitted by the constitution.    The suit is by two tax-payers.

A brief summary of the material parts of the complaint is as follows:  That plaintiffs are citizens and tax-payers of Umatilla county, Oregon, and that the defendant Pierce is the county clerk of said county; that in the fall of 1890, the defendant Byers and others constructed a bridge across Umatilla river, in the city of Pendleton, in said county, at an expense of several thousand dollars; that no part of said bridge is situated upon a county road or any other public highway except Lee street in said city, and that said bridge is wholly in said city; that the defendant Byers, while the county court of said county was sitting for the transaction of county business at the November term, 1890, presented a claim against said county for the sum of three thousand

five hundred dollars on account of money claimed by him to have been expended in the construction of said bridge; that on the twelfth day of December, 1890, said county court, sitting for the transaction of county business, made an order allowing said W. S. Byers, for money alleged by him to have been expended in the construction of said bridge, the said sum of three thousand five hundred dollars, and ordered that a warrant be drawn upon the treasurer of said county for said sum of money, a copy of which said order is hereto annexed, made a part of this complaint, and marked "Exhibit A," and made a part hereof; that said warrant has not yet been drawn by the defendant Pierce; that in auditing and allowing said claim to the said W. S. Byers, the said county court exceeded its jurisdiction, and that said court had no right or authority to allow any part of said claim, for the following reasons: (1) That all the indebtedness hereinafter stated was created by said Umatilla county for purposes other than to suppress insurrection or repel invasion, (2) that said county of Umatilla was, when said order was allowed, to wit, on December 12, 1890, and had been for more than two years prior to said date, and is now, in debt in a sum far exceeding the sum of fifty thousand dollars, and that said indebtedness of more than fifty thousand dollars was and is evidenced by orders and warrants issued by the county upon its treasurer, which had been presented to said treasurer for payment, and had not been paid because said county had and has no funds with which to pay them, and that they were indorsed by said treasurer "Not paid for want of funds," and that said county court has made and could make no provision for the payment of said sum of three thousand five hundred dollars, or any part thereof, to said defendant Byers; and that by reason of said indebtedness of said county, said county court, in allowing said sum to said Byers, violated section 10 of article 11 of the constitution of this state; (3) that when said sum was allowed to said

Byers as aforesaid, and for more than a year prior thereto, there were no funds in the county treasury of said county that could be applied to the payment of the said three thousand five hundred dollars to said Byers; (4) that the estimated cost of said bridge far exceeded two hundred dollars; but notwithstanding this fact, neither the county court nor any member thereof in any manner advertised for sealed plans, specifications, or diagrams, or for bids for the same, or for the construction of said bridge, nor was the contract for the construction of said bridge let to the lowest responsible bidder, nor was said contract let by the county court in any manner, nor was its construction in any manner superintended by the county court or any member thereof or any person appointed by said court, and that by reason of these facts said court had no power or right to allow any part of said sum of three thousand five hundred dollars to said Byers; (5) that by section 21 of article 7 of the charter of the city of Pendleton, passed in 1889, that part of Umatilla county within the limits of the city of Pendleton is expressly excepted out of the jurisdiction of the county court of said county upon the subject of roads and highways among others, and by reason thereof said county court had no jurisdiction to make roads, highways, or bridges within said city, and said court had no authority to allow any part of said three thousand five hundred dollars to said Byers; that said defendant W. M. Pierce threatens to issue said warrant to said Byers for said three thousand five hundred dollars, and that he will so issue it if he be not restrained from so doing by an order or decree of this court, and that if said order should be so issued it would be almost impossible to prevent its payment, and that the payment of said order would injuriously affect the pecuniary rights of these plaintiffs as tax-payers, and that they have no remedy at law herein; that "Exhibit A" contains the only order ever made by said court for or concerning the construction of said bridge, or the payment of anything there-

for; wherefore, the plaintiff prays for a decree forever
restraining the defendant Pierce, as clerk of said county,
or his successor in office, from any time issuing said order
or warrant to said W. S. Byers for said three thousand five
hundred dollars, or for any sum, and restraining said Byers
from drawing said warrant, and for costs and disbursements.

The answer, after denying the material allegations of
the complaint, alleges the following new matter by way of
defense:  "That prior to the time of the construction of the
bridge mentioned in plaintiffs' complaint, the above-named
W. S. Byers, by and with the consent, knowledge, and
approval of the county court of Umatilla county, sitting
to transact county business, entered into a contract with
one Dion Keif for the construction of said bridge, at the
agreed and stipulated price of seven thousand and sixteen
dollars; that said contract for the construction of said bridge
was by said Byers let to the said Dion Keif for the said sum
of seven thousand and sixteen dollars; that Keif was the
lowest responsible bidder for the construction thereof.  The
contract was made and entered into and let by and with
the knowledge, consent, and concurrence of the said county
court, sitting to transact county business, which said con-
tract was approved by said county court; that said county
court did contract and agree with the said W. S. Byers,
that after the construction of said bridge, if the same was
constructed and completed in a satisfactory manner, they
would pay the said Byers, out of the county funds of Uma-
tilla county therefor, one-half of the contract price for the
construction of said bridge, to wit, the sum of three thousand
five hundred dollars; that after the completion of said
bridge, and in pursuance of said contract, said county
court, sitting to transact county business, did inspect the
same and approve and receive the same in all respects for
and on behalf of the said county; that in pursuance of
said contract, and after the completion of said bridge, and
its acceptance by the said county court as aforesaid, the

XXII OR.— 39.

said W. S. Byers presented to the said county court his bill for one half of the contract price for the construction thereof, viz., for the sum of thirty-five hundred dollars; that thereafter said county court, sitting to transact county business, made an order allowing said W. S. Byers said sum of thirty-five hundred dollars in pursuance of said contract."

Issues were duly formed by the filing of a reply, and the cause referred to take the evidence. After the evidence was taken, the cause was duly heard, and the court found the facts and law to be with the plaintiffs, and entered a decree in accordance with the prayer of the complaint from which the defendants have appealed.

*J. C. Leasure*, and *Bailey & Balleray*, for Appellants.

*W. M. Ramsey*, for Respondents.

STRAHAN, C. J.—The respondents rely upon several objections to sustain the decree, but the one mostly pressed upon our attention arises out of the provision in the constitution of the state limiting county indebtedness, which is as follows: "No county shall create any debts or liabilities which singly or in the aggregate exceed the sum of five thousand dollars, except to suppress insurrection or to repel invasion." (Oregon Const. Art. 11, § 10.) Facts are alleged in the complaint, and not denied by the answer, showing that the debts of Umatilla county are not within the saving clause of this section; therefore, we are to determine the effect of this inhibition of the constitution upon the power of the county to create debts and liabilities after the limit of five thousand dollars shall have been reached, if that fact shall appear.

Before proceeding to that question, however, it is proper to remark that for some reason that does not appear, the complaint alleges that the indebtedness of Umatilla county at the time specified exceeded fifty thousand dollars, instead of five thousand, as specified in the constitution, thus impliedly admitting that a county might become indebted

in any sum less than fifty thousand dollars. At least, that would be the ordinary implication; but in a case presenting a constitutional question of the gravest importance, we are not disposed to allow a question of pleading to control its determination, if it can be avoided. We think, therefore, that as the greater includes the less, we may inquire as to any and all indebtedness exceeding five thousand dollars, notwithstanding the form of the allegation. What the exact amount of the debts and liabilities of Umatilla county at the time of the order complained of was made, does not appear from the evidence with entire certainty; but that they exceeded the amount limited in the constitution, there can be no doubt. Mr. Hartman was county clerk of said county on the thirtieth day of June, 1890. At that time he made an examination into the financial condition of said county for the purpose of making an annual exhibit as clerk. At that time the amount of debts and liabilities of the county were one hundred and twenty thousand six hundred and six dollars and fifty-seven cents. The total cost of the new court-house and jail of said county up to July 1, 1890, was eighty-eight thousand six hundred and forty-nine dollars and fifty-two cents. On his cross-examination, this witness stated that at the time the outstanding warrants aggregated one hundred thousand dollars, the assets were about one hundred and thirty-nine thousand four hundred and thirty-one dollars and sixty-nine cents. At the time the cost of the construction of the court-house and jail was estimated, there was in the fund the sum of seventy-seven thousand dollars. The assets of the county were made up as follows: Bills receivable, twenty-seven thousand five hundred and thirty-four dollars and four cents; delinquent taxes, seventy-eight thousand six hundred and seventy dollars and twenty-nine cents; in sheriff's hands, two hundred and eighty-six dollars and ninety-two cents; cash in treasury in court-house and jail fund, ten thousand one hundred and thirty-six dollars and

fifty-two cents; cash in treasury, one hundred and fifty-seven dollars; cash in treasury in school fund, six thousand nine hundred and sixty-three dollars and fifty-two cents; cash in treasury in county fund, twelve thousand seven hundred and one dollars and forty cents. Taxes were delinquent as far back as six years. It also appeared that ten thousand dollars of the county's indebtedness was for a set of abstract books, which the county caused to be prepared in 1890, which sum still remained unpaid at the time of the trial. None of the evidence offered on the part of the plaintiff was contradicted in any way. It may, therefore, be taken as true, that at the time the county court made the order allowing the defendant Byers three thousand five hundred dollars on account of said bridge, the county was indebted in a very large amount. The debt for the abstract books alone, which still remained unpaid, was just twice the amount of debt which the county might lawfully create.

The constitution of this state contains many checks and safeguards. Wherever it touches the question of indebtedness, aid to corporations, etc., it evinces a purpose on the part of its framers, and of the people who adopted it, to profit by the experience of the people in some of the older states. It was made the duty of the legislature, by article 11, section 5, of the constitution, in incorporating towns and cities, to restrict their powers of taxation, borrowing money, contracting debts, and loaning their credit. By section 6 of said article, the state is prohibited from being interested in the stock of any company, association, or corporation; and by section 7 the legislature is prohibited from loaning the credit of the state, or in any manner creating any debts or liabilities exceeding the sum of fifty thousand dollars, except in case of war, or to repel invasion, or to suppress insurrection; and it is expressly provided that every contract of indebtedness entered into or assumed by or on behalf of the state, when all its debts and liabili-

ties amount to said sum, shall be void and of no effect. Section 8 of said article disables the state from assuming the debts of any county, town, or other corporation whatever, unless such debt shall have been created to repel invasion, suppress insurrection, or to defend the state in war; and section 9 forbids any county, city, town, or other municipal corporation, by vote of its citizens or otherwise, to become a stockholder in any joint stock company, corporation, or association whatever, or raise money for, or loan its credit to, or in aid of, any such company, corporation, or association.

These citations are sufficient to show the spirit which pervades the constitution, and to indicate the earnest solicitude of its framers to guard the people, whose fundamental law it is, against the burdens of corporate debts and entangling alliances with corporations; but in giving effect to that provision of the constitution under consideration, we need not resort to extrinsic matters, nor even to other portions of the instrument. Its language is plain and mandatory. Words, when found in a constitution, as well as in a statute, are to be understood in their ordinary signification. That which is plainly expressed, admits of no construction. (*People* v. *Wall*, 88 Ill. 75.) The constitution of Colorado contains a similar limitation on the power of counties to contract debts. In commenting upon it, the supreme court of that state said: "It is simply a declaration that the county, within certain limits, shall live within its income, and not that its income shall be more or less. The limit of indebtedness fixed was a matter of judgment about which men might differ, and it is not for us to substitute our judgment for that of the convention." (*People ex rel.* v. *May*, 9 Col. 91.)

It was argued on the part of the appellants, that the phraseology of the provision of the constitution under consideration had reference only to such debts and liabilities as are created or contracted by the direct action of the

county court, and not to such as arise by operation of law in the ordinary course of business in the county; that the latter class of debts and liabilities are created by law and not by the county, and therefore do not fall within this inhibition. There is much force in the argument, and it received the sanction of this court in *Grant County* v. *Lake County*, 17 Or. 453. But that does not avoid the difficulty in this particular case, for the reason that the evidence shows that the debts and liabilities which the county had created, and which it was not compelled by law to create, did exceed the sum of five thousand dollars. A review of the cases on this subject would not be profitable. It is conceded that they are not uniform; but the lack of uniformity arises more from differences in the language of the various constitutions than from any divergence in principle. Besides, we have not the time to go further in the discussion of the question than is actually necessary to dispose of the case presented by this record. Finding that Umatilla county had created debts and liabilities in excess of five thousand dollars which were unpaid at the time the order complained of was made, the same was beyond the power of the county court, and its action thereon was void.

It follows that for the reasons here given the decree appealed from must be affirmed.