Decided at PENDLETON, July 20, 1895.

## DOROTHY *v.* PIERCE.

[41 Pac. 668.]

1. LIMIT OF COUNTY INDEBTEDNESS—PLEADING EXCEPTIONS—STATE CONSTITUTION, ART. XI, § 10.—The averment in a complaint attacking the validity of county warrants as having been issued in violation of Oregon Constitution, Art. XI, § 10, that at the time of the issue the debts exceeded the sum of forty thousand dollars, all which had been created voluntarily by the county, sufficiently negatives the possibility that such indebtedness had been thrust upon the county by operation of law at any time.

2. PLEADING OWNERSHIP.—An allegation that county warrants were issued and delivered to a certain person is sufficient to show that he is the present owner thereof: *Moss* v. *Cully*, 1 Or. 147, approved and followed.

APPEAL from Umatilla: MORTON D. CLIFFORD, Judge.

This is a suit to enjoin T. F. Rourke from collecting, Folsom, county treasurer, from paying, and Furnish, sheriff and tax collector, from receiving in payment of taxes, certain county warrants numbered from eight hundred and thirty-eight to eight hundred and ninety, inclusive, aggregating three thousand five hundred dollars, alleged to have been unlawfully issued by W. M. Pierce,

county clerk of said county. The warrants were issued by order of the County Court of Umatilla County, Oregon, in payment of the purchase price of Rourke's undivided half of what is known as the Lee-Street Bridge, crossing the Umatilla River in said county, purchased by the county. It is claimed that the indebtedness was incurred in violation of the constitution and therefore void, as the voluntary indebtedness of the county at the time, September ninth, eighteen hundred and ninety-three, exceeded five thousand dollars. The only question presented by the record is whether the complaint states facts sufficient to constitute a cause of suit. The allegations of the complaint necessary to an understanding of the main point relied upon by defendants to defeat it are as follows: *"First,* that all the indebtedness of the county of Umatilla, hereinafter stated, when the said action or order of the county court to purchase the interest of the said defendant Rourke in said bridge and to issue the said described warrants, to wit, on the ninth day of September, eighteen hundred and ninety-three, exceeded the sum of forty thousand.dollars ($40,000), and had been for more than two years prior to said date, and is now, in force as a debt against said county, to an amount exceeding the sum of forty thousand dollars ($40,000) over and above all indebtedness incurred or required in the administration of the business affairs of said county, in the payment of the salaries of officers, expenses in holding its courts, or any other debts or liabilities created by operation of law for the current fiscal year of said county, and that no part of said indebtedness of forty thousand dollars ($40,000) had been created or was in force at the date of the adoption of the constitution of the State of Oregon, and that no part of said indebtedness of forty thousand dollars ($40,000) has been created to suppress insurrection, or to repel invasion, and that all said in-

debtedness of forty thousand dollars ($40,000) has been created voluntarily by said county, and was and is a voluntary indebtedness thereof exceeding the sum of five thousand dollars ($5,000)." A demurrer to the complaint having been sustained and the suit dismissed, the plaintiffs appeal.      REVERSED.

For appellants there was a brief and an oral argument by *Mr. William Parsons.*

For respondents there was a brief by *Messrs. Bailey, Balleray and Redfield,* and an oral argument by *Mr. John J. Balleray.*

Opinion by MR. JUSTICE WOLVERTON.

1. It is stoutly contended by counsel for defendants that the allegation that there is now in force as a debt against said county an amount exceeding forty thousand dollars "over and above all indebtedness incurred or required in the administration of the business affairs of the said county, in the payment of salaries, expenses in holding its courts, or any other debts or liabilities created by operation of law for the current fiscal year of said county," contains by force of the phrase "for the current fiscal year" a negative pregnant, and that while the allegation may be true, it may also be true that the forty thousand dollars county indebtedness may yet consist wholly of obligations thrust upon the county by operation of law, at some time prior to the current fiscal year named. In *Burnett* v. *Markley,* 23 Or. 440, (31 Pac. 1050,) BEAN, J., says, "before it can be said that a county has exceeded the constitutional limit of indebtedness, it must appear that the debts have been voluntarily created by the county in its corporate capacity since the constitution took effect, and such debts were not created for the pur-

pose of suppressing an insurrection or repelling an invasion." And by the same opinion *Grant County* v. *Lake County,* 17 Or. 453, (21 Pac. 447,) and *Wormington* v. *Pierce,* 22 Or. 606, (30 Pac. 450,) are approved, wherein it is held that debts and liabilities imposed upon a county by law, such as salaries of officers, expenses of holding courts, and other like outlays and charges which it is powerless to prevent are not within the inhibition of section 10, article XI of the constitution, providing that "no county shall create any debts or liabilities which shall singly, or in the aggregate, exceed the sum of five thousand dollars, except to suppress insurrection or repel invasion; but the debts of any county, at the time this constitution takes effect, shall be disregarded in estimating the sum for which such county is limited." It is apparent that the portion of the complaint referred to by defendants does not negative the exceptions of this section of the constitution, both express and implied, and would undoubtedly be insufficient were it not followed by the allegation, that "all said indebtedness of forty thousand dollars has been created voluntarily by the county." Coupling this with the allegation so referred to the complaint meets the requirements of *Burnett* v. *Markley,* is relieved of the apparent ambiguity pointed out by counsel, and we think is quite sufficient.

2. It is also urged against the complaint, that it does not allege that the defendant Rourke is the present owner and holder of the warrants issued. This objection is not well taken. The complaint alleges that the warrants were issued and delivered to Rourke, which is sufficient to show that Rourke is the owner thereof within the doctrine of *Moss* v. *Cully,* 1 Or. 148 (62 Am. Dec. 301). It follows from the foregoing that it was error to sustain the demurrer, and the decree of the

court below is therefore reversed, and the cause remanded with directions to overrule it.

REVERSED.

Decided at PENDLETON, July 20, 1895.