Submitted on briefs February 3, affirmed February 15, 1921.

## WILLIAMSON v. HURLBURT, SHERIFF.

(195 Pac. 562.)

**Parties—Misjoinder of Parties not Ground of Demurrer.**

1. Misjoinder of parties defendant is not a ground of demurrer.

**Chattel Mortgages—Sheriff Holding Chattel Under Execution Properly Made Defendant and Restrained.**

2. Sheriff was properly made a party defendant to a suit to foreclose a chattel mortgage, plaintiff seeking to restrain him from selling the mortgaged property upon execution under a judgment in favor of another creditor, as against the objection that the remedy by way of replevin was adequate, and that Section 10184, Or. L., provides for foreclosure of a chattel mortgage by an action at law.

**Equity—Will Retain Jurisdiction and Administer Complete Relief.**

3. A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the administering of complete relief and doing entire justice with respect to the subject matter of the dispute.

**Chattel Mortgages—Rights of Mortgagee Superior to Those of Subsequent Judgment Creditor.**

4. The rights of a chattel mortgagee have priority over those of a subsequent judgment creditor; the mortgage having been duly recorded.

**Chattel Mortgages—Complaint in Foreclosure Held to Sufficiently Allege Ownership of Note and Mortgage.**

5. A complaint, in a suit to foreclose a chattel mortgage, alleging that defendant for a valuable consideration executed and delivered to plaintiff the note and mortgage described, and that the sum of $700 and interest is still unpaid thereon, sufficiently stated that plaintiff was the owner and holder of the note and mortgage at the commencement of the suit, and that indebtedness was due thereon.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

This is a suit to foreclose a chattel mortgage, and incidentally to restrain the sheriff from selling the mortgaged property upon execution, under a judgment in favor of another creditor. The defendant mortgagor

---

3. Rule that equity assuming jurisdiction for one purpose will retain it for all purposes, see note in Ann. Cas. 1912A, 803.

made default, and the defendant sheriff, appearing
for himself alone, filed a demurrer to the complaint
and a motion to dissolve the restraining order which
had been issued.  The demurrer having been over-
ruled, and the motion denied, the defendant declined
to plead over, and a decree was entered in favor of
plaintiff, from which the defendant sheriff appeals.

AFFIRMED.

For appellant there was a brief submitted over the
name of *Mr. Glen R. Metsker.*

For respondent there was a brief prepared and
presented by *Mr. L. P. Hewitt.*

BENSON, J.—The action of the lower court in over-
ruling the demurrer and denying the motion to vacate
the injunction are the errors assigned:

The grounds of demurrer are specified as follows: '

"First: That against this defendant the court has
no jurisdiction of the subject matter of this suit.

"Second: That there is a defect, or misjoinder, of
parties defendant in that this defendant is not a proper
party to said suit, and has no interest in the subject
matter set out in plaintiff's complaint.

"Third: That said complaint does not state facts
sufficient to constitute a cause of suit against this de-
fendant, or facts sufficient to entitle plaintiff to equi-
table relief."

The first and third of these specifications involve
the same question, and will be so considered.

1. The second ground, misjoinder of parties de-
fendant, is not a ground of demurrer, and may be
dismissed from further consideration: *Paulson* v.
*Portland,* 16 Or. 450 (19 Pac. 450, 1 L. R. A. 673) ; *Tie-
man* v. *Sachs,* 52 Or. 560, 564 (98 Pac. 163) ; *Wolf* v.

99 Or.—22

*Eppenstein,* 71 Or. 1 (140 Pac. 751), and other cases there cited.

2, 3. The other assignments of error appear to be based upon the theory that in no event can the aid of a court of equity be invoked to restrain an execution sale of personal property, since the remedy by way of replevin is adequate, in support of which defendant cites a number of the decisions of this court, but in none of these was the equitable power of injunction invoked in a proceeding wherein a court of equity had already acquired jurisdiction for other purposes. It is true that Section 10184, Or. L., provides for foreclosure of such a chattel mortgage by an action at law, but this court has held, in *Bank of Odgen* v. *Davidson,* 18 Or. 57 (22 Pac. 517), that under the general power of a court of equity to foreclose liens upon property equitable proceedings may still be maintained for the foreclosure of chattel mortgages. In the present case, then, the court acquired jurisdiction by virtue of the fact that the plaintiff seeks the foreclosure of his chattel mortgage. This being true, the plaintiff relies upon a well recognized doctrine of equity jurisprudence which has been very clearly expressed by Mr. Justice RAMSEY in *Templeton* v. *Bockler,* 73 Or. 494 (144 Pac. 405), in which he says:

"A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the administering of complete relief and doing entire justice with respect to the subject matter of the dispute. By virtue of this rule, a court of equity, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between the parties, connected with the main subject of the suit, and grant all relief necessary to an entire adjustment of such subject, provided it be authorized by the pleadings."

4. The complaint pleads the execution and delivery of a promissory note secured by chattel mortgage to the plaintiff, pleads a breach of the conditions of the mortgage, and alleges that the defendant sheriff has seized the automobile described in the mortgage, and has advertised a sale thereof upon execution in favor of a judgment creditor of the mortgagor. These allegations are sufficient to make this defendant a proper party to the suit. There can be no question of the priority of plaintiff's rights as a mortgagee over those of a subsequent judgment creditor, the mortgage having been duly recorded, as alleged in the complaint.

5. Defendant also urges that the complaint is insufficient because it fails to state that the plaintiff is now the owner and holder of the note and mortgage, or that any portion of the indebtedness thereon is due or owing to him. The complaint alleges that the defendant, Adolph Johnson, for a valuable consideration, executed and delivered to plaintiff the note and mortgage therein described; that the sum of $700 and interest is still unpaid thereon. These allegations have been held sufficient in *Moss* v. *Cully,* 1 Or. 147 (62 Am. Dec. 301), and *Dorothy* v. *Pierce,* 27 Or. 373 (41 Pac. 668).

Finding no error in the record, the decree is affirmed.

AFFIRMED.