Marietta Seager *et al.*

*v.*

Kankakee County *et al.*

*Filed at Ottawa May 12, 1882.*

1. Injunction—parties—*to prevent violation of public duty by officers.* Where a public duty about to be violated by public officers is public in its nature and effects, one not suffering any special injury can not maintain a bill to enjoin the violation, but the remedy must be sought by the public through its proper officer.

2. Same—*to restrain the licensing of a dram-shop.* A board of supervisors will not be enjoined from issuing a license to keep a dram-shop in violation of law, on a bill by a private citizen, who will sustain no greater injury than the public generally by the act sought to be prevented. The only remedy in such case is on the application of the proper public officers of the State on behalf of the public.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Franklin Blades, Judge, presiding.

Mr. Stephen R. Moore, for the appellants:

No reason is perceived why a board of supervisors may not be enjoined by a court of equity from doing an illegal act which results in injury to the citizen. It will enjoin the removal of a county seat at the suit of a citizen, when a majority have not voted for the removal. *Shaw et al. v. Hill et al.* 67 Ill. 455.

An injunction lies to restrain municipal corporations from adopting ordinances and acts which produce injury to individuals. *Gartside v. City of St. Louis,* 43 Ill. 47; *Smith v. Bangs,* 15 id. 400; *Central R. R. Co. v. McLean County,* 17 id. 291; *Chicago, Burlington and Quincy R. R. Co. v. Frary et al.* 22 id. 37; *Oakley v. Trustees,* 6 Paige, 262.

A court will enjoin a tax levy where the supervisors act illegally. *Supervisors, etc. v. Webster,* 53 Ill. 141; *Sherlock et al. v. Village of Winetka,* 59 id. 389.

A railway corporation will be restrained by an injunction from exceeding its powers, and this is true without regard to whether there is a remedy at law or not. *Cobb* v. *Illinois and St. Louis Railroad and Coal Co.* 68 Ill. 233.

Chancery will restrain a city from taking land to which it has no right. *Peoria* v. *Johnson*, 56 Ill. 47; *Mohawk and H. R. R. Co.* v. *Archer*, 6 Paige, 83; *Belknap* v. *Beuknop*, 2 Johns. Ch. 463; *Holdane* v. *Village of Coldwater*, 21 N. Y. 474; *Carter* v. *City of Chicago*, 57 Ill. 282.

Chancery enjoins the supervisors from misapplying the money of a county. *Colton* v. *Hanchett*, 13 Ill. 615.

Chancery will enjoin the opening of a road contrary to law. *Commissioner of Highways* v. *Durham*, 43 Ill. 86.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On September 18, 1879, the appellants filed their bill in the circuit court of Kankakee county, setting out that they were tax-payers and residents of Yellowhead township, in said county; that Kankakee county is acting under township organization; that one Henry Blank had petitioned the board of supervisors of the county to grant him a license to keep a dram-shop in said Yellowhead township, and that the board were about to issue such license to him without a majority of the legal voters of the township having petitioned therefor; that the public good does not require a dram-shop in the township; that such dram-shop would be a great evil in the community, and increase the tax burden of the people in the township, and the bill prays that the board of supervisors may be enjoined from issuing the license. The statute authorizes the granting of licenses by the county boards to keep dram-shops only upon the application, by petition, of a majority of the legal voters of a town. The circuit court denied a motion for an injunction, and on motion of the defendants dismissed the bill. On appeal to the Appellate

Court for the Second District the decree was affirmed, and an appeal taken to this court.

We do not think there is shown here a case entitling the complainants to maintain their bill. Whatever of injury may result from the threatened act of the board of supervisors in issuing a license to keep a dram-shop without having been petitioned for, as alleged, by a majority of the legal voters of the township, it will be one common to all the inhabitants of the township, affecting them alike, and there will be no special injury to these complainants.

The principle is very well settled that where the duty about to be violated by public officers is public in its nature, and affects the public in general alike, one not suffering any special injury can not maintain a bill to enjoin the violation, but the only mode of remedy is on application of the proper public officer of the State on behalf of the public. This very question we had occasion to consider in the recent case of *The City of Chicago* v. *The Union Building Association, ante,* p. 379, where the subject was very fully gone into, and the authorities cited, and we held the rule as above declared. Upon the principle of that decision the complainants have no standing in court, and their bill was rightly dismissed.

The decree of the Appellate Court is affirmed.

*Decree affirmed.*