[ Argued October 4, 1893; decided October 30, 1893.]

### SHERMAN *v.* BELLOWS.

[ S. C. 34 Pac. Rep. 549.]

INJUNCTION—SUIT BY PRIVATE CITIZEN *—TAXATION.—A private individual cannot bring an action in his own name to enjoin the location of a public institution at a different place from that designated by law, without alleging that his property will thereby be subjected to an additional burden of taxation, or that he will sustain some other special injury.

---

*NOTE.—This subject is discussed at length with a careful comparision of authorities in a note to the case of *McCord* v. *Pike*, 2 Am. St. Rep. 85 ( 121 Ill. 288; 12 N. E. Rep. 259 ).—REPORTER.

Linn County: GEO. H. BURNETT, Judge.

This is a suit brought by D. C. Sherman in his own
name against A. J. Bellows, James Byron, J. W. Mullen,
Charles Nickell, and S. S. Train, the trustees of the Oregon
Soldiers' Home, to restrain them from purchasing land for
a site and locating the Soldiers' Home at Roseburg. The
material allegations of the complaint, in substance, are
that plaintiff is a citizen, resident, and taxpayer of the state
of Oregon; that the defendants are the duly appointed,
qualified and acting trustees of the Oregon Soldiers' Home,
and by virtue of their office are charged with the duty of
selecting and locating the site of said Oregon Soldiers'
Home, and of erecting suitable buildings thereon; that
said Oregon Soldiers' Home is a public institution, estab-
lished and provided for by the legislative assembly of the
state of Oregon; that section 3 of article XIV. of the state
constitution provides that all such institutions shall be
located at the seat of government; that in the contest for
the location of such seat of government at the general
election in 1864, Salem, in Marion County, Oregon, received
a majority of all the votes cast, and was thereupon duly
declared the permanent seat of government; that plaintiff
has been informed and believes that said defendants, dis-
regarding their obligations as trustees of said Oregon
Soldiers' Home have entered into a contract to purchase a
tract of land at or near Roseburg, Oregon, with the inten-
tion of using the same as the site of said Oregon Soldiers'
Home; that, as plaintiff is informed and believes, said
defendants have had prepared a plan and specifications for
the necessary buildings, and are about to let a contract for
the erection of the same at great cost and expense to the
state of Oregon, without authority of law; that by their
said action in contracting to purchase said tract of land at
or near Roseburg, Oregon, as the site of the said Oregon
Soldiers' Home, the erection of public buildings thereon

and expenditure of large sums of public money therefor, great injury will be done to the public and to this plaintiff; and that plaintiff has no plain, adequate, or speedy remedy at law, wherefore he prayed a preliminary injunction, and that at the hearing it be made perpetual. To this complaint the defendants interposed a demurrer, for the reasons: *First*, that the plaintiff has not the legal capacity to bring this suit; and, *second*, that the complaint does not state facts sufficient to constitute a cause of suit against the defendants. The demurrer was overruled, and, defendants refusing to further plead, a permanent injunction was granted, from which the defendants appeal. Reversed.

*Geo. E. Chamberlain*, attorney-general, for Appellants.

*H. J. Bigger*, and *Loring K. Adams* (*A. O. Condit* on the brief), for Respondents.

MR. JUSTICE MOORE delivered the opinion of the court:

Two questions are here presented: *First*, has the plaintiff any legal capacity to sue; and, *second*, does the complaint state facts sufficient to constitute a cause of suit? While there is an irreconcilable conflict in the decisions upon the right of a taxpayer, in his own name, to restrain by injunction, a municipal corporation and its officers from illegally creating debts, or disposing of the corporate property, or funds, we think the decided weight of authority supports the doctrine that he may invoke the aid of a court of equity to obtain such relief whenever it is made to appear that such illegal act of the corporation would increase his burden of taxation: *Hodgman* v. *Chicago & St. Paul Ry. Co.* 20 Minn. 48; *Willard* v. *Comstock*, 58 Wis. 565 (46 Am. Rep. 657; 17 N. W. 401); *New Orleans R. R. Co.* v. *Dann*, 51 Ala. 134; *Springfield* v. *Edwards*, 84 Ill. 627. When a plain official duty is threatened to be violated

by some official act, any person who will sustain personal injury thereby, for which adequate compensation cannot be had at law, may have an injunction to prevent it: *Board of Liquidation* v. *McComb*, 92 U. S. 531. Conceding, without deciding, that the Soldiers' Home is a public institution of the state, provided by the legislative assembly, and that section 3 of article XIV. of the constitution required the trustees to locate it at Salem; that they had threatened to violate their official duty by locating it at Roseburg,— does it appear that plaintiff has sustained a personal injury thereby? If it were alleged that, in consequence of the location of the Soldiers' Home at Roseburg, plaintiff's property would be subjected to a burden of taxation in addition to that which it would be required to bear if located at Salem, then he would sustain a personal injury, and, since an adequate compensation cannot be had at law, he would be entitled to an injunction to prevent such location. ".The damages," says Judge DILLON, "which he will sustain in case his burdens of taxation are increased, are not in common with the damages to other taxpayers, but they are special, affecting his private property and private rights": Dillon, Municipal Corporations, § 731, and cases cited.

A municipal corporation holds its property and funds in trust for the benefit of taxpayers, and whenever it attempts to allow an illegal claim, consent to a collusive judgment, misappropriate the public money, or do any other act *ultra vires*, the taxpayer, in his own name, may have an injunction to restrain such unlawful acts, when his property would thereby be compelled to bear its *pro rata* share of the burden thus imposed: *Willard* v. *Comstock*, 58 Wis. 565 (17 N. W. Rep. 401; 46 Am. St. Rep. 657). His right to invoke the aid of a court of equity to restrain by injunction such unlawful acts depends upon his personal injury, and the test of such injury is measured by the fact that his property would be subjected to

an additional burden of taxation. If his property will not be subjected to an additional burden of taxation, and he will not sustain any other personal damages, his injury is not contra-distinguished from that of all other taxpayers of the municipality, and he cannot invoke the aid of equity to prevent an unlawful corporate act, however much he may, in common with others, be injured: *Seager* v. *Kankakee County*, 102 Ill. 669. His special injury is the gist of the suit and unless it is alleged and proved, there can be no equitable relief in such cases: *McDonald* v. *English*, 85 Ill. 236. In no case has it ever been held that a private individual may maintain a bill to enjoin a breach of public trust (in the absence of statutory authority) without showing that he will be specially injured thereby: Angel, Highways, § 284.

The plaintiff does not allege that in consequence of the location of the Soldiers' Home at Roseburg his property will be subjected to any burden of taxation, or that he will sustain any other special injury. These allegations were necessary to give the court jurisdiction to entertain his suit and grant the injunction, and, in their absence from the complaint, the plaintiff shows no legal capacity to sue, and, besides, the facts therein stated are not sufficient to constitute a cause of suit. For these reasons the decree of the court below is reversed, the demurrer sustained and the cause remanded for such other proceedings as may be deemed necessary, not inconsistent with this opinion. REVERSED.