Decided 3 July, 1905.

**STATE ex rel. *r.* MALHEUR COUNTY COURT.**

81 Pac. 368.

CONSIDERATION OF CONSTITUTIONAL QUESTIONS.
1. Courts should not pass upon constitutional questions when the case at bar can logically be disposed of on other grounds.

MANDAMUS—PRECEDENT CONDITIONS.
2. To authorize the issuance of a writ of mandamus, the petitioner must show first, a legal right in himself to have the act done which is sought by the writ; and, second, that it is the plain legal duty of defendant to perform the act, without discretion to do or refuse it.

COUNTY COURT—DECLARING RESULT OF LOCAL OPTION ELECTION.
3. Under the Local Option Act of 1904 (Laws 1905, pp. 41, 47, c. 2, § 10), after the returns of an election on the question of prohibiting the sale of liquors have been abstracted, and a majority of the votes appear for prohibition, it is the imperative duty of the county court, sitting specially under the provisions of this act, to at once make an order declaring the result and forbidding the sale of intoxicating liquors within the prescribed limits.

MANDAMUS TO COUNTY COURT TO PROHIBIT SALE OF LIQUORS UNDER LOCAL OPTION LAW—PLEADING.
4. A writ of mandamus directing a county court to make an order declaring the result of an election and prohibiting the sale of intoxicating liquors in a certain district, should show specifically that all the conditions legally required for such an order have been fulfilled, as, for instance, that a petition of the required per cent of qualified voters was properly filed, and that the election was ordered and was held in pursuance of such order.

MANDAMUS—PLEADING CONCLUSIONS.
5. Where a matter is collateral to the essential act involved, it is usually sufficient to allege it generally, as, that a certain election was duly held, or that one purporting to be a public officer was duly elected, but that will not do when the existence of the ultimate fact is the very question in dispute, then the basic facts must be set forth in detail.

CONSTRUCTION OF WRIT ON DEMURRER.
6. A demurrer to an alternative writ of mandamus is a convenient means of testing its sufficiency, and the writ will be construed against the pleader when so tested.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a proceeding by mandamus by the State on the relation of W. L. Gibson and others to compel the county court (consisting of the county judge and two commissioners) of Mal-

heur County to declare the result of an election alleged to have
been held under what is known as the "Local Option Act" (Laws
1905, p. 41, c. 2,) adopted by the people at the June election of
1904, and by appropriate order prohibit the sale of intoxicating
liquors in Nyssa Precinct, in said county.   The alternative writ,
after stating that the relators are inhabitants, taxpayers and
voters of the precinct, and that the defendants are the duly
elected judge and commissioners of Malheur County, and con-
stitute the county court in and for said county, and setting out
the provisions of section 10 (page 47) of the act as it relates
to the opening and abstracting of the election returns by the
county clerk and two justices of the peace, and the making of an
order by the court declaring the result of the vote, and prohibit-
ing the sale of intoxicants, alleges "that, as provided by said
local option liquor law, an election was duly held on the first
Tuesday after the first Monday of November, 1904, in the County
of Malheur, State of Oregon, to determine whether intoxicating
liquors should be prohibited in said county as a whole," and
further, in effect, that within 10 days after said election the
county clerk, taking to his assistance two justices of the peace
of the county, opened the votes and made an abstract thereof
for the information of the county court; that said canvass and
abstract showed that in the precinct of Nyssa there were 68 votes
cast for prohibition, and 22 against, and that a majority were
for prohibition; that it thereupon became the duty of the county
court to declare the result of such vote, and to make and enter
an order absolutely prohibiting the sale of intoxicating liquors
in said precinct until such time as the qualified voters of such
district should by a majority vote declare otherwise; that said
county court in due time held a special session, but refused to
make any order declaring the result of such vote, or prohibiting
the sale of intoxicants in such precinct, contrary to the provision
of said local option law; and that the relators have no plain,
speedy and adequate remedy at law.   The defendants demurred
to the writ on the grounds that the court was without jurisdic-
tion, and the same did not state facts sufficient to constitute a
cause for the relief demanded.   The demurrer being sustained,

and the plaintiffs refusing to plead further, the writ was dismissed, and plaintiffs appeal.                                      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George Frederick Martin.*

For respondent there was a brief and an oral argument by *Mr. George Wesley Hayes.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

But one question is involved herein at this time, and that is whether the writ states facts sufficient to constitute a cause for relief. We have concluded that, as tested by a demurrer, it does not, because it does not show that a petition of 10 per cent of the registered voters of the county was filed with the county clerk in the manner prescribed by the act, that the county court ordered an election to be held, and that one was held in pursuance of such petition and order. Such conclusion disposes of the case, and renders it unnecessary that we look into other questions presented, touching the constitutionality of the act.

1. It is a rule of law, the observation of which is incumbent upon the courts, not to consider a constitutional question when the case can readily and logically be disposed of upon other grounds. If our decision were otherwise upon the demurrer, so that the sufficiency of the writ would have depended upon the constitutionality of the act, then these questions would have been of the very essence of the controversy, and it would have been proper for us to have considered and disposed of them.

2. Our reasons for the conclusion reached are elementary. To authorize an issuance of a writ of mandamus, it is necessary that the petitioner first show a legal right in himself to have the act done which is sought by the writ; and, second, that it is the plain legal duty of the defendant to perform the act, without discretion to do or refuse it: Spelling, Extra. Rem. § 1369; 19 Am. & Eng. Enc. Law (2 ed.), 725 et seq.

3. As we view the local option act, the county court is vested with no discretion in the premises. When the returns are opened and the abstract has been made by the clerk and justices, and it is shown that the majority of the votes is for prohibition,

the county court has but one duty to perform, and that is to make the order prohibiting the sale of intoxicating liquors within the district involved. The court does not sit in its ordinary or regular capacity under the constitution and statutes, for hearing causes or transacting county business, but in a special capacity under the act. These special duties are plainly prescribed, which are to be performed not upon any discretion vested in the court, but upon the exigency of certain conditions that are left to the electors of the district involved to bring about. When the conditions exist, the duties follow without more, and are to be discharged in a purely ministerial capacity, to carry out the purposes of the act.

4. But, to put these officers in the wrong it is essential to show by apt allegations that it has become their duty to act under the law, and for that purpose it was insufficient to allege merely that an election was duly held. This allegation, under the conditions here present, is a mere conclusion of law, and, in order to show that an election was duly held, it was essential to show that the successive prescribed steps which lead up to it were taken; that is, that there was the proper petition filed with the county clerk, and that upon that petition an election was ordered to be held, and that in pursuance of such order the election was held. Without these there could have been no election "duly held.". These acts are made by the law the essentials to an election, and, in order to charge the county court with the dereliction of its ministerial duty to order prohibition, they must be shown to have been observed.

5. Where the matter is collateral to the essential fact, it is sufficient to allege generally that an election was duly held, or that an officer was duly elected and qualified, assuming to act in the particular capacity involved, as it has been alleged herein that the defendants are the duly elected judge and commissioners; but, where the fact itself must appear, it is not sufficient to say that it had been duly performed, without stating how.

6. It must be considered that the demurrer is the test here, and the writ is to be construed most strictly against the pleader; and, thus construed, the essential acts must appear to have been performed or observed, as prescribed by the act, which precede

the duty required of the county court, or else it cannot be required to act, and such is not the case here, except by legal conclusion.

The judgment of the circuit court will be affirmed, and it is so ordered. AFFIRMED.