Argued December 18, 1914, affirmed January 5, 1915.

## McKINNEY *v*. WATSON.*

(145 Pac. 266.)

**Constitutional Law—Validity of Statute—Persons Entitled to Question.**

1. A taxpayer, while entitled to resist by litigation the enforcement of an unconstitutional statute which will increase his taxes, cannot resist the enforcement of Act of February 28, 1913 (Laws 1913, p. 668), creating a corporation department to protect purchasers of stocks and bonds and prevent fraud in the sale thereof, though the act provided for considerable expenditures, where the moneys for the

---

*As to whom may raise objections that a statute contains an unconstitutional discrimination, see note in 32 L. R. A. (N. S.) 954.

REPORTER.

expenditures would be derived from license fees and other contributions demanded of corporations.

[As to taxpayers' actions, see note in Ann. Cas. 1913C, 884.]

Constitutional Law—Determination—Moot Case.

2.   The constitutionality of a statute will not be determined where the party attacking it has no interest, and the question is purely academic.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.   Statement by MR. JUSTICE BURNETT.

This is a suit by W. B. McKinney against R. A. Watson, as pretended corporation commissioner, Thomas B. Kay, as State Treasurer, and Ben W. Olcott, as Secretary of State.

The plaintiff styles himself a resident, citizen and taxpayer, owning real and personal property in the state, subject to taxation, and brings this suit for himself and for all other taxpayers in the state.   He seeks to enjoin the Secretary of State from auditing, and the State Treasurer from paying, claims for salaries incurred by the defendant Watson, as corporation commissioner, under the act of February 28, 1913, commonly known as the "Blue Sky Law," entitled:

"An act to protect purchasers of stocks and bonds and prevent fraud in the sale thereof; to create a corporation department to administer this and other laws relating to the regulation and supervision of corporations, and providing penalties for the violation hereof": Laws 1913, p. 668.

The principal features of the act and the appointment of the defendant Watson as corporation commissioner are recited in the complaint.   It is stated in general terms that the official mentioned has been operating under the sanction of the act and has incurred expenses which, together with his salary, will be audited and paid as other claims against the state,

unless prevented by injunction. Many reasons are assigned by the plaintiff why the act in question is unconstitutional. He founds his right to bring this suit on the following allegation:

"That if claims certified by said pretended corporation commissioner are audited and approved, and warrants are permitted to be drawn upon any fund so attempted to be appropriated, and the same are paid by the said state treasurer, which said officer threatens to do, and will do, unless restrained by this court, the same will greatly increase the taxes of this plaintiff, and all other citizens and taxpayers of the State of Oregon, wrongfully and unlawfully, and to their great damage and irreparable injury."

The Circuit Court sustained demurrers to the complaint, and, as the plaintiff declined to plead further, entered a decree dismissing the suit, from which the plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Wilson, Neal & Rossman,* with an oral argument by *Mr. George Rossman.*

For respondents there was a brief over the names of *Mr. Martin L. Pipes* and *Mr. Andrew M. Crawford,* Attorney General, with an oral argument by *Mr. Pipes.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The action in question, like most of the laws providing for government by commission, devotes much space to salaries and expenses of administration and other matters well calculated to make the taxpayer look askance. It authorizes the establishment of a corporation department, and that all fees, charges, interest, fines and penalties provided by the act itself or hereto-

fore paid into the public treasury by foreign and domestic corporations, joint-stock companies, and associations shall go into a fund to be known as the "corporation fund," which shall be liable for the expenses of carrying on the corporation department. It is required that whenever the amount of money in that fund shall exceed $15,000, all in excess of $10,000 shall be transferred by the State Treasurer to the general fund of the state.

1. The controlling question presented by the demurrer is the right of the plaintiff to bring this suit. It is well established by precedents in this state that a taxpayer whose enforced contribution to the public funds will be increased has a right to resist by litigation in his own name the enforcement of an unconstitutional statute, or the misapplication of public money. Instances of such decisions are found in *Carman* v. *Woodruff,* 10 Or. 133; *Wormington* v. *Pierce,* 22 Or. 606 (30 Pac. 450); *Sherman* v. *Bellows,* 24 Or. 553 (34 Pac. 549); *Avery* v. *Job,* 25 Or. 512 (36 Pac. 293); *Brownfield* v. *Houser,* 30 Or. 534 (49 Pac. 843); *Burness* v. *Multnomah County,* 37 Or. 460 (60 Pac. 1005); *Sears* v. *Steel,* 55 Or. 544 (107 Pac. 3); *McKenna* v. *McHaley,* 62 Or. 1 (123 Pac. 1069).

In our judgment, however, the allegations of the complaint are not sufficient to show that the plaintiff's burden of taxation will be increased by the administration of the statute under consideration. That enactment contains various provisions designed to increase the revenues of the state in the form of fees exacted from concerns subject to its regulation. It is true that the license fees and other contributions demanded of corporations and like institutions by previous legislation are to be turned into the corporation fund, which is apparently designed to be kept at the standard of

$10,000; the excess of that amount being returned to the general fund. Whether this shifting of the public money from one fund to another and back again will cause the plaintiff to pay more taxes than he otherwise would does not appear, if we remember the increment of revenue which the act provides. The plaintiff does not disclose that he is engaged in any business that is subject to the regulation of the act in question, and, in the absence of any showing of facts from which the court. can deduce the legal conclusion that he is about to suffer a greater burden of taxation then before, his contention appears to be a mere academic proposition.

2. The courts will not decide a moot question by enjoining a co-ordinate branch of the government from the execution of a law. It is of no concern to the plaintiff that corporations or business concerns with which he has no apparent connection may suffer illegal exactions under an unconstitutional statute. Under such circumstances sound public policy and due respect to the legislative and executive departments restrain the courts from interference with the operation of a statute at the instance of a private suitor, unless it appears that his personal interests are at stake.

For these reasons, the Circuit Court was right in refusing to entertain this suit, and the decree must be affirmed.                                    Affirmed.