On respondent's reconsideration filed March 28, reconsideration
allowed; former opinion filed February 8 (66 Or App 953, 676 P2d 892)
affirmed as modified May 9, petition for review allowed July 31, 1984 (297 Or 546)
See 299 Or 78, 698 P2d 951 (1985)

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT WAYNE HOUSE,
*Appellant.*

## (82-0265; CA A25766)

681 P2d 173

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Stephen F. Peifer, Assistant Attorney General, for petition.

NEWMAN, J.

## NEWMAN, J.

In *State v. House,* 66 Or App 953, 676 P2d 892 (1984), we reversed defendant's conviction for engaging in "sexual conduct" in a "live public show." ORS 167.062(1). We held that ORS 167.062(1) is overbroad, that on its face it violates Article 1, section 8, of the Oregon Constitution, and that defendant's demurrer to the indictment should have been sustained.

ORS 167.062 (1) provides:

"It is unlawful for any person to knowingly engage in sadomasochistic abuse or sexual conduct in a live public show.

"* * * * *"

"Sadomasochistic abuse" and "sexual conduct" are defined in separate definitional sections:

" 'Sadomasochistic abuse' means flagellation or torture by or upon a person who is nude or clad in undergarments or in revealing or bizarre costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one so clothed." ORS 167.060(9)

" 'Sexual conduct' means human masturbation, sexual intercourse, or any touching of the genitals, pubic area or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification." ORS 167.060(10)

The indictment charged that defendant had knowingly engaged in sexual conduct

"by touching his genitals, pubic area and buttocks against female spectators and customers, * * * and by allowing the above-said female spectators and customers, * * * to touch said defendant dancer's genitals, pubic area and buttocks, in an act of apparent sexual stimulation or gratification, in a live public show * * *."

The indictment did not charge that defendant engaged in "human masturbation," "sexual intercourse," or "sadomasochistic abuse."

In its petition for reconsideration, the state argues that the portions of the statute that prohibit "sadomasochistic

abuse," "human masturbation" and "sexual intercourse" are severable.[1] We allow the petition to address this issue.

In our earlier opinion we considered the portion of the statute that prohibits "any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification." We did not focus on the prohibitions of "sadomasochistic abuse," "human masturbation" or "sexual intercourse."

■ ORS 167.062(1), when read with the definitional sections, ORS 167.060(9) and (10), prohibits a person from knowingly engaging in four distinct forms of behavior in a live public show:

(1) "sadomasochistic abuse;"

(2) "human masturbation;"

(3) "sexual intercourse;" or

(4) "any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification."

We found that the fourth prohibition is overbroad.[2] The source of its constitutional infirmity is in ORS 167.060(10), the separate section defining "sexual conduct."

---

[1] Rossman, J., in his dissent to the original opinion, made this point.

[2] In the original opinion we also stated:

"Accordingly, ORS 167.062 prohibits (1) human masturbation, sexual intercourse, or any touching in a live public show of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, (2) whether alone or between members of the same or opposite sex or between humans and animals (3) in an act of apparent sexual stimulation or gratification." 66 Or App at 956.

The statement should have read:

"Accordingly, ORS 167.062 prohibits (1) human masturbation or sexual intercourse in a live public show, and (2) any touching in a live public show of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification."

■     As we stated in *State v. Cantwell,* 66 Or App 848, 676 P2d 353 (1984), although a statute may be overbroad and on its face may violate Article I, section 8, its invalid parts may ordinarily be severed from its remaining parts unless the parts are inseparably related. *See also State v. Spencer,* 289 Or 225, 611 P2d 1147 (1980), where the court had held that ORS 166.025(1)(c), a portion of the disorderly conduct statute, is overbroad and unconstitutional on its face, and violates Article I, section 8. In *Cantwell* we reviewed another portion, ORS 166.025(1)(a), of the same statute. The defendants there had argued that an entire statute is void if any part of a statute is, on its face, overbroad and violative of Article I, section 8, citing *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982). We disagreed and found that *Robertson* is distinguishable, because the coercion statute that *Robertson* considered is not severable. We held that ORS 166.025(1)(c) is severable, that *Spencer* did not invalidate the entire disorderly conduct statute and that ORS 166.025(a) is valid.[3]

---

[3] In *State v. Cantwell, supra,* 66 Or App at 851, we stated:

"In *State v. Spencer, supra,* ORS 166.025(1)(c), which proscribes abusive or obscene language or obscene gestures, was struck down as violative of Article I, section 8, on the basis that the language of paragraph (c) restrains protected speech. 289 Or at 230-31.

"Defendants now contend that, because ORS 166.025(1)(c) was invalidated under Article 1, section 8, the entire statute must fall. The essence of defendants' argument is that *State v. Robertson, supra,* mandates a new approach in judicial treatment of multi-part statutes which raise questions under that constitutional provision. In *Robertson,* only paragraph (e) of subsection (1) of the coercion statute, ORS 163.275 was challenged. The court, however, invalidated the entire statute, holding that it was overbroad and concluding that it could not be judicially narrowed to fit within constitutional boundaries. According to defendants, *Robertson* thereby created a new rule of constitutional analysis, *i.e.,* once any part of a statute is found to violate Article 1, section 8, the entire statute is necessarily void. We disagree.

"Under ORS 174.040, if any part of a statute is held unconstitutional, the invalid part may be severed from the remaining parts unless the parts are inseparably related. We do not read *Robertson* to signal a rejection of that principle. *Robertson's* invalidation of the entire coercion statute did not rest solely upon the overbreadth of paragraph (e) of subsection (1) of the statute. As we read that case, the entire coercion statute was invalidated because constitutional infirmity existed in the demand element found in the opening clause of subsection (1), which was inseparable from the remainder of the statute. *See State v. Robertson, supra,* 293 Or at 435-36. Conversely, only paragraph (c) of subsection (1) of the disorderly conduct statute at issue here was found to violate Article 1, section 8, and that paragraph contains no common or inseparable element. *Robertson,* therefore, does not compel us to invalidate the entire statute."

■     We see no reason why the principle of severability stated in *Cantwell* may not be applied here. The portions of ORS 167.062(1) that, when read with ORS 167.060(9) and (10), prohibit any person from engaging in "sadomasochistic abuse," "human masturbation" or "sexual intercourse" in a live public show may be severed from the portion that deals with "any touching" and, consistent with the legislative intent, remain in force. *See* ORS 174.040.[4] "Sadomasochistic abuse" is separately defined in ORS 167.060(9) and is not inseparably connected to or dependent upon any of the prohibitions of "sexual conduct." Moreover, the prohibitions of "human masturbation" and "sexual intercourse" are not inseparably connected to or dependent upon the prohibition of "any touching." Even without that latter distinct prohibition, the provisions of ORS 167.062(1) and the narrowed definition of "sexual conduct" in ORS 167.060(1) are still clear. Finally, we do not doubt that the legislature, even without the prohibition of "any touching," would have prohibited "sadomasochistic abuse," "human masturbation" or "sexual intercourse" in a live public show. Those prohibitions standing alone are complete.

We reiterate our holding that the portion of ORS 167.062(1) that, when read with ORS 167.060(10), makes it unlawful for any person knowingly to engage in a live public show in "any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification" is overbroad and violates Article I, section 8, of the Oregon Constitution and that the court erred in not sustaining the demurrer to the indictment.

---

[4] ORS 174.040 provides:

"It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

The prohibitions on "sadomasochistic abuse," "human masturbation" and "sexual intercourse" are severable, and we do not pass on them.

Reconsideration granted; former opinion modified; former opinion affirmed as modified.