Argued and submitted October 24, 1983, affirmed in part, vacated in part May 9, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## RAMIRO LARA,
*Appellant.*

(82-10-474; CA A27803)

681 P2d 176

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Helen M. Rockett, Special Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for murder. ORS 163.115. He argues that the court erred in instructing the jury that he had the burden of proving the affirmative defense of "extreme emotional disturbance." ORS 163.115(1)(a). He also contends that the minimum sentence imposed pursuant to ORS 144.110(1) is unlawful. We affirm the conviction but vacate the minimum sentence.

■ Defendant admitted killing the victim but argued that he was acting under extreme emotional disturbance, thus making him responsible only for manslaughter. ORS 163.115(1)(a). The court instructed the jury that defendant had the burden of establishing the affirmative defense of extreme emotional disturbance. He objected to the instruction on the ground that the burden of proof was shifted from the state in violation of the purported due process provisions of the Oregon Constitution.[1] We addressed and rejected the identical contention in *State v. Lyon,* 65 Or App 790, 672 P2d 1358 (1983). The instruction was not erroneous.

■ In a supplemental brief, defendant contends that the minimum sentence imposed pursuant to ORS 144.110(1) is unlawful. We agree. *State v. Macy,* 295 Or 738, 671 P2d 92 (1983). The portion of the judgment imposing a ten-year minimum sentence is vacated.

Conviction affirmed; sentence modified to vacate 10-year minimum sentence.

---

[1] Defendant does not contend that the instruction violates his federal constitutional right to due process. He contends that due process guarantees are embodied in the Oregon Constitution, Article 1, sections 10, 20 and 33. This contention was rejected in *State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980); *State v. Lyon,* 65 Or App 790, 672 P2d 1358 (1983); *see also* Linde, *Without "Due Process,"* 49 Or L Rev 125 (1970).