Argued and submitted September 4, 1984, reassigned April 17, affirmed April 23, 1985

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## SCOTT WAYNE HOUSE,
*Respondent on Review.*

(CC 82-0265; CA A25766; SC S30562)

698 P2d 951

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Rex Armstrong, of Kell, Alterman & Runstein, Portland, argued the cause for respondent on review. With him on the response to the petition for review was Stuart J. Cutler, Chief Public Defender, Hillsboro.

JONES, J.

Campbell, J., filed a concurring opinion joined by Linde, J.

### JONES, J.

Defendant was charged with engaging in sexual conduct in a live public show, a violation of ORS 167.062(1). ORS 167.062 reads in pertinent part:

"(1)   It is unlawful for any person to knowingly engage in * * * sexual conduct in a live public show.

"* * * * *

"(5)   As used in * * * this section unless the context requires otherwise:

(a)   'Live public show' means a public show in which human beings, animals, or both appear bodily before spectators or customers.

(b)   'Public show' means any entertainment or exhibition advertised or in some other fashion held out to be accessible to the public or member of a club, whether or not an admission or other charge is levied or collected and whether or not minors are admitted or excluded."

"Sexual conduct" is defined by ORS 167.060(10) as

"* * * human masturbation, sexual intercourse, or any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification."

The indictment charged that defendant

"* * * did unlawfully and knowingly engage in sexual conduct, to-wit: by touching his genitals, pubic area and buttocks against female spectators and customers, * * * and by allowing the above-said female spectators and customers * * *to touch the said defendant dancer's genitals, pubic area and buttocks, in an act of apparent sexual stimulation and gratification, in a live public show * * *."

Defendant filed a demurrer to the indictment, challenging ORS 167.062(1) and 167.060(10) as unconstitutional under Article I, section 8, of the Oregon Constitution, and the federal First Amendment. The trial court overruled the demurrer, and defendant was convicted by a jury and sentenced to pay a fine.

■      On defendant's appeal, the Court of Appeals held that ORS 167.062(1), read with ORS 167.060(10), restrains expression protected by Article I, section 8, and is overbroad.

*State v. House,* 66 Or App 953, 676 P2d 892, *aff'd as modified* 68 Or App 360, 681 P2d 176 (1984). This court allowed review to consider whether ORS 167.062(1) contravenes Article I, section 8. The statute in question may well be an unconstitutional restraint on freedom of expression, but after reviewing the entire case we are of the opinion that we do not need to reach the constitutional question because as a factual matter the defendant was entitled to a judgment of acquittal.[1] It is a fundamental rule that courts will not decide a case upon constitutional grounds unless absolutely necessary to determination of the issue before it. We discussed this basic procedural principle as early as 1892 in *Elliott v. Oliver,* 22 Or 44, 48, 29 P 1 (1892), where we quoted with approval from the earlier work, Cooley's Constitutional Limitation *163 at 196 (5th ed 1883):

> "* * * [W]here a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when consequently a decision upon such question will be unavoidable."

*See also Burt v. Blumenauer,* 299 Or 55, 73, 699 P2d 168 (1985); *Planned Parenthood Assn v. Dept. of Human Resources,* 297 Or 562, 564, 687 P2d 785 (1984); *State v. Lowry,* 295 Or 337, 343, 667 P2d 996 (1983); *Haynes v. Burks,* 290 Or 75, 83, 619 P2d 632 (1980); *State v. Tourtillott,* 289 Or 845, 849, 618 P2d 423 (1980); *State v. Franzone,* 243 Or 597, 601, 415 P2d 16 (1966); *Fed. Cartridge Corp. v. Helstrom,* 202 Or 557, 564, 276 P2d 720 (1954); *Oregon Cry. Mfrs. Ass'n. v. White,* 159 Or 99, 78 P2d 572 (1938); *Winslow v. Fleischner,* 112 Or 23, 228 P 101 (1924); *McKinney v. Watson,* 74 Or 220, 145 P 266 (1915); *State ex rel. v. Malheur County Court,* 46 Or 519, 81 P 368 (1905).[2]

---

[1] The defendant properly raised this assignment of error on appeal. The Court of Appeals directly addressed the demurrer to the indictment and did not reach defendant's argument regarding the sufficiency of the evidence. *State v. House,* 66 Or App at 955 n 1.

[2] The concurring opinion by Campbell, J., joined in by Linde, J., challenges the logic of this procedure. We quote from Linde, *Without "Due Process,"* 49 Or L Rev 125, 182 (1970):

■ ■ The clause of ORS 167.060(10) with which we are concerned in this case prohibits "any touching * * * in an act of apparent sexual stimulation or gratification." Where, as here, the indictment charges a defendant with engaging in this behavior, the state must not only prove that the defendant knowingly engaged in the described touching, but also must prove that the defendant knowingly participated in the touching in an act of apparent sexual stimulation or gratification. The reference to an act of apparent sexual stimulation or gratification refers to sexual stimulation or gratification of the actor in the live public show, and was an essential element of the state's case against the defendant.

■ The brief transcript of the trial demonstrates that the state did not present one scintilla of evidence that the defendant ever engaged in an act of apparent sexual stimulation or gratification. To the contrary, the sole witness produced by the state, an OLCC investigative officer, only testified that the women customers touched the defendant. There was no evidence that defendant was sexually stimulated or gratified by the touching of women customers when placing dollar bills in defendant's scanty costume. There was substantial evidence that the announcer at this male striptease show attempted to arouse the all-female audience by his commentary, but the reaction of the audience is not the gravamen of the offense.

At the conclusion of the state's case, and again at the close of the defendant's case, the defense attorney moved for a judgment of acquittal on the grounds that the state had produced no evidence on the material elements of the offense. She was correct in that there was no evidence of apparent sexual stimulation or gratification on the part of the defendant. The judgment of acquittal should have been granted.

The Court of Appeals is affirmed for the reason stated in this opinion.

**CAMPBELL, J.,** concurring.

I concur only in the result reached by the majority. We granted the petition for review in this case to consider the

---

"The logic of constitutional law demands that nonconstitutional issues be disposed of first, state constitutional issues second, and federal constitutional issues last."

constitutional issue decided by the Court of Appeals. I would affirm the Court of Appeals on that issue. It is quite true that a court should not decide constitutional issues when analysis of the law shows the constitutional decision to be unnecessary, but that is not this case. In this case defendant, by his demurrer, maintained that he should not have to stand trial under a statute that is unconstitutional as enacted, not only as applied to him. *Cf. State v. Robertson,* 293 Or 402, 649 P2d 569 (1982). The majority opinion in effect holds that a defendant in a criminal case must be found guilty before he can obtain a ruling on his previously filed demurrer challenging the constitutionality of the statute under which he is charged. That defies logic.

Linde, J., joins in this concurring opinion.