Argued December 1, 1971, reversed January 6, 1972

STATE OF OREGON, *Respondent, v.* OREGON
BOOKMARK CORPORATION ET AL
(C-57258), *Appellants.*

492 P2d 504

*Howard R. Lonergan,* Portland, argued the cause
and filed the briefs for appellants.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and John W.
Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## SCHWAB, C. J.

Defendants, a corporation and two individuals, appeal from convictions on 12 counts of disseminating obscene matter in violation of ORS 167.151. The question presented is whether the materials in question are obscene.

The Oregon Supreme Court has held that the courts of this state are bound to follow the definition of obscenity used by the United States Supreme Court, and that

> "The United States Supreme Court has held that before material may be classified as obscene it must meet each and every one of three requirements. * * * First, the dominant theme of the material taken as a whole must appeal to a prurient interest in sex. Second, the material must be patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters. Third, the material must be utterly without redeeming social value." *State v. Childs,* 252 Or 91, 95, 447 P2d 304 (1968), *cert denied* 394 US 931 (1969).①

This definition, however, is useful only in evaluating materials not yet passed on by the United States Supreme Court. For those materials that have been held to be not obscene by that court, we are bound by that determination.

---

① The United States Supreme Court has suggested that this definition of obscenity applies only to sales to adults, and that the states are free to more broadly define obscenity in statutes prohibiting sales to minors. *See,* Ginsberg v. New York, 390 US 629, 639-40, 88 S Ct 1274, 20 L Ed 2d 195 (1968). *And see,* n 2, infra.

■ Subsequent to the convictions in this case, in *Burgin v. South Carolina,* 404 US 806, 92 S Ct 46, 30 L Ed 2d 39 (1971), the United States Supreme Court, in a three-sentence memorandum opinion, held the materials involved in that case were not obscene. The decision of the South Carolina Supreme Court that was thereby reversed described the materials in question as follows:

"'I find the Book "Mirage" is a book containing color photographs of completely nude and/or semi-nude females. The semi-nudes only being that of females wearing garter belts, hose or other transparent materials. That the nudes are posed in such positions with legs wide spread that the pubic hair and external part of the genital organs are clearly visible. They are posed in positions sitting, lying, forward, backwards, leaning backwards, standing on their heads, all positions so that the camera would be focused directly upon the genital organs and breasts of the nudes.

"'In the magazine "Togetherness" I find there are colored photographs of male and female nudes, or semi-nudes. The semi-nudes having only garter belts, hose, and in some instances the males having on trousers with the front portion of the trousers cut out or removed therefrom. Also, in poses directed so that the camera could focus on the genital organs of the males and females in positions with the males and females emphasizing the pubic and rectal regions of the males and females.

"'The magazine "Fair Lady" also portrays similar color photographs of nude females in similar positions.

"'In the magazine "Flesh Fantasy" is black and white, and color photographs of females with legs outstretched, completely nude, with females with clothes on undressing each piece of clothing in successive pictures, with the camera focused or ulti-

mately focused completely upon the genital organs of the females.'" *State v. Burgin,* 255 SC 237, 178 SE2d 325, 326 (1970).

The materials involved in this case are substantially identical. Therefore, under the United States Supreme Court's decision in *Burgin v. South Carolina,* supra, we are forced to conclude that regardless of what otherwise would be our evaluation, we cannot hold the materials in question obscene.[2]

Reversed.

---

[2] Our holding today is limited to the question of what is obscene when disseminated to an adult. Under the new Criminal Code dissemination of obscene materials to persons under 18 years of age is a crime. *See,* Oregon Laws 1971, ch 743, §§ 256 through 259, pp 1938-40. Obscene materials in this context include nudity, which is defined as follows:

" 'Nudity' means uncovered, or less than opaquely covered, post-pubertal human genitals, pubic areas, the post-pubertal human female breast below a point immediately above the top of the areola, or the covered human male genitals in a discernibly turgid state. For purposes of this definition, a female breast is considered uncovered if the nipple only or the nipple and the areola only are covered." Oregon Laws 1971, ch 743, § 255 (5), p 1938.

It would thus appear that dissemination to a minor of the same kinds of materials involved in this case would be a crime.