Argued and submitted December 18, 1981, affirmed November 10, 1982

# STATE OF OREGON,
## *Appellant,*
*v.*
# HOWARD WAYNE FRINK,
## *Respondent.*

## (No. B 61-049, CA A22050)

653 P2d 553

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Mary Ann Bearden, Eugene, argued the cause for respondent. With her on the brief was Bearden & Weinstein, Eugene.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was charged with furnishing a photograph of a portion of the human body depicting nudity to three minors, contrary to ORS 167.065(1)(a), *infra,* which prohibits "furnishing obscene materials to minors." The trial court sustained defendant's demurrer on the ground that the statute is so overbroad[1] that it violates the First Amendment to the United States Constitution[2] and Article I, section 8, of the Oregon Constitution.[3] The state appeals. We affirm.

ORS 167.065(1)(a) provides:

"(1)  A person commits the crime of furnishing obscene materials to minors if, knowing or having good reason to know the character of the material furnished, he furnishes to a minor:

"(a)  Any picture, photograph, drawing, sculpture, motion picture, film or other visual representation or image

---

[1] Although defendant apparently challenged the statute as unconstitutionally vague as well as overbroad in the district court, his arguments were relevant only to the contention of overbreadth. In any event, the statute is not vague; if anything, it is too clear in prohibiting or photograph depicting nudity. In *State v. Blocker,* 291 Or 255, 261, 630 P2d 824 (1981), the court said:

"An 'overbroad' law, as that term has been developed by the United States Supreme Court, is not vague, or need not be. Its vice is not failure to communicate. Its vice may be clarity. For a law is overbroad to the extent that it announces a prohibition that reaches conduct which may not be prohibited. A legislature can make a law as 'broad' and inclusive as it chooses unless it reaches into constitutionally protected ground. The clearer an 'overbroad' statute is, the harder it is to confine it by interpretation within its constitutionally permissible reach.

"It follows that to attack a statute as 'overbroad' necessarily implies that it impinges on some constitutionally protected right other than fair notice or 'due process.' Unlike 'vagueness,' the vice of 'overbreadth' is not necessarily limited to penal laws, and to the extent that an overbroad law forbids what may not constitutionally be forbidden, it is invalid as such without regard to the facts in the individual case. *State v. Blair, supra* [287 Or 519, 601 P2d 766 (1979)]; *cf. Lewis v. New Orleans,* 415 US 130, 94 S Ct 970, 39 L Ed 2d 225 (1973)."

[2] US Const, Amend I: "Congress shall make no law * * * abridging the freedom of speech, * * *." Photographs, as well as the printed word, films and pure speech are protected expressions. *See Erznoznik v. City of Jacksonville, supra; Ginsberg v. New York,* 390 US 629, 88 S Ct 1274, 20 L Ed 2d 214 (1973).

[3] Or Const, Art I, § 8, provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

of a person or portion of the human body *that depicts nudity,* sadomasochistic abuse, sexual conduct or sexual excitement * * *." (Emphasis supplied.)[4]

■ ■   The mere depiction of nudity[5] may not be prohibited, because it impinges on the constitutionally protected right of free expression. Although a state may, consistent with the First Amendment, impose stricter controls over materials made available to minors than on those available to adults, not all nudity may be proscribed. In *Erznoznik v. City of Jacksonville,* 422 US 205, 212-13, 95 S Ct 2268, 45 L Ed 2d 125 (1975) (striking down a municipal ordinance which prohibited drive-in movie theaters from exhibiting films displaying nudity when visible from a public street), the Supreme Court said:

> "It is well settled that a State or municipality can adopt more stringent controls on communicative materials available to youths than on those available to adults. * * * Nevertheless, minors are entitled to a significant measure of First Amendment protection, * * * and only in relatively narrow and well-defined circumstances may government bar public dissemination of protected materials to them. * * *
>
> "* * * * *

> "10. * * * It is clear, however, that under any test of obscenity as to minors *not all nudity would be proscribed. Rather, to be obscene 'such expression must be, in some significant way, erotic.'* * * *" (Emphasis supplied.)

■   ORS 167.065(1)(a) contains neither a definition of "obscene materials" nor well-drawn standards for judging obscenity. *See Miller v. California,* 413 US 15, 23-24, 93 S Ct 2607, 37 L Ed 2d 419 (1973). Rather, it prohibits *all* materials furnished to minors depicting nudity, regardless

---

[4] Because defendant's charge was based on furnishing a photograph depicting nudity to minors, our discussion is directed to that portion of the statute only.

[5] ORS 167.060(5) provides:

" 'Nudity' means uncovered, or less than opaquely covered, post-pubertal human genitals, pubic areas, the post-pubertal human female breast below a point immediately above the top of the areola, or the covered human male genitals in a discernibly turgid state. For purposes of this definition, a female breast is considered uncovered if the nipple only or the nipple and areola only are covered."

of the context in which the nudity is presented. Such a proscription, even as to minors, sweeps too broadly.

Although the state concedes that the statute, on its face and standing alone, may be overbroad, it urges that we construe it in a constitutional manner. It contends that the affirmative defenses set forth in ORS 167.085, and particularly ORS 167.085(3), save the statute by narrowing its reach. ORS 167.085 provides four defenses to prosecutions under 167.065:

"In any prosecution under ORS 167.065 to 167.080, it is an affirmative defense for the defendant to prove:

"(1) That the defendant was in a parental or guardianship relationship with the minor; or

"(2) That the defendant was a bona fide school, museum or public library, or was acting in the course of his employment as an employe of such organization or of a retail outlet affiliated with and serving the educational purpose of such organization; or

"(3) That the defendant was charged with the sale, showing, exhibition or display of an item, those portions of which might otherwise be contraband forming merely an incidental part of an otherwise nonoffending whole, and serving some legitimate purpose therein other than titillation.

"(4) That the defendant had reasonable cause to believe that the person involved was not a minor."

The state maintains that those defenses should be construed in conjunction with ORS 167.065(1)(a) to incorporate prevailing federal standards[6] on obscenity. To accomplish that objective, the state would have us interpret the language contained in ORS 167.085(3), the only defense that arguably is available to defendant, to embody: (1) the *Erznoznik* requirement that the material be, in some significant way, erotic, and (2) that part of the current federal obscenity test[7] for adults requiring that "the work, taken as

---

[6] A state may not proscribe more under the name of obscenity than is permitted under standards set by the United States Supreme Court. *State v. Childs,* 252 Or 91, 447 P2d 304 (1968), *cert den* 394 US 931 (1969); *State v. Oregon Bookmark Corp.,* 7 Or App 554, 555, 492 P2d 504 (1972).

[7] The guidelines for judging obscenity enunciated by the Supreme Court in *Miller v. California, supra,* 413 US at 24, are:

a whole, lacks serious literary, artistic, political, or scientific value." *Miller v. California, supra,* 413 US at 21, 24.[8]

■     Here, however, the scope of the statute may not be narrowed by construction, because the free expression guarantee invoked by the defendant forbade the enactment of the statute. In *State v. Robertson,* 293 Or 402, 412, 649 P2d 569 (1982), the court said:

"A narrowing construction similarly may save a statute attacked as 'overbroad,' unless the constitutional guarantee invoked against the statute forbade its very enactment as drafted. Article I, section 8, for instance, forbids lawmakers

"* * * (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, *Kois v. Wisconsin, supra,* at 230, 33 L Ed 2d 312 [408 US 229, 92 S Ct 2245, 33 L Ed 2d 312 (1972)], quoting *Roth v. United States, supra,* at 489, 1 L Ed 2d 1498 [354 US 476, 77 S Ct 1304 1 L Ed 2d 1498 (1957)]; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. * * *"

[8] Although the Court in *Ginsberg v. New York, supra,* applied a variable obscenity standard with respect to minors, based on the guidelines set forth in *Roth v. United States,* 354 US 476, 77 S Ct 1304, 1 L Ed 2d 1498 (1957), and *Memoirs v. Massachusetts,* 383 US 413, 86 S Ct 975, 16 L Ed 2d 1 (1966), it declined to decide the effect of *Miller v. California, supra,* on the *Ginsberg* analysis. *Erznoznik v. City of Jacksonville, supra,* 422 US at 213 n 10. We note, however, that ORS 167.065, as well as the defenses contained in ORS 167.085, was derived from a proposed statute set forth in Kuh, *Foolish Figleaves? Pornography In-and-Out-of Court* (1967). Kuh's proposal was, in turn, derived from the New York obscenity statute, which passed constitutional muster in *Ginsberg v. New York, supra.* Proposed Oregon Criminal Code 230, Commentary § 259 (1971). Kuh's proposal and the resulting statutes at issue here, however, omit an important element contained in the New York statute: that the regulated materials be *harmful* to minors. The New York statute defined "harmful to minors" to incorporate the then contemporary federal obscenity standards enunciated in *Roth v. United States, supra,* and *Memoirs v. Massachusetts, supra.* By omitting those standards, the draftsmen intended to approach the pornography problem with "* * * a refreshing objectivity * * *" and quoted with approval Kuh's denunciation of the federal standards:

"In defining nudity, sexual conduct, and other items taboo for sale to the immature, there is no hedging, no use of weasel words. No haze of subjectivity is imposed by suggestions that the nudes or the sex must be lust-provoking or prurience-inciting." Proposed Oregon Criminal Code 227, Commentary § 255 (1971).

Because we conclude that ORS 167.085(3), the only defense available to defendant, is not applicable to a charge of *giving* materials to minors, we do not decide whether that subsection meets the constitutional requirements under *Miller v. California, supra,* and *Erznoznik v. City of Jacksonville, supra,* that state statutes restricting the dissemination of materials, even as to minors, must be narrowly drawn and well-defined.

to pass any law 'restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever,' beyond providing a remedy for any person injured by the 'abuse' of this right. This forecloses the enactment of any law written in terms directed to the substance of any 'opinion' or any 'subject' of communication, unless the scope of the restraint is wholly confined within some historical exception that was well established when the first American guarantees of freedom of expression were adopted and that the guarantees then or in 1859 demonstrably were not intended to reach. Examples are perjury, solicitation or verbal assistance in crime, some forms of theft, forgery and fraud and their contemporary variants. *See* Greenawalt, *Speech and Crime,* 1980 Am B Found Res J 645, 648-70. Only if a law passes that test is it open to a narrowing construction to avoid 'overbreadth' or to scrutiny of its application to particular facts. As the court recently said of another challenge under article I, section 8:

" 'This constitutional provision is a prohibition on the legislative branch. It prohibits the legislature from enacting laws restraining the free expression of opinion or restricting the right to speak freely on any subject. If a law concerning free speech on its face violates this prohibition, it is unconstitutional; it is not necessary to consider what the conduct is in the individual case. If the law is not unconstitutional on its face, it nevertheless might be applied in a manner that would violate Art I § 8.'

"*State v. Spencer,* 289 Or 225, 228, 611 P2d 1147, 1148 (1980)." (Footnotes omitted.)

In a footnote, the court added:

"* * * * *

"As the quotation from *State v. Spencer* states, it is a prohibition expressly directed at lawmakers at the time of considering a proposed law and forbidding passage of any law that in terms restrains the 'free expression of opinion' or restricts 'the right to speak, write, or print freely on any subject whatever.' It does not invite the enactment of such laws, leaving it to courts to protect freedom of expression in individual cases. *See* 289 Or at 228." 293 Or at 413 n 10.

Arguably, reading the two statutes together, as the state suggests here, would not constitute a narrowing construction, but would simply be putting together what the legislature has expressly provided. To do that, however,

requires a construction of the application of the defense provided by ORS 167.085(3) to make it available to one charged with "furnishing" photographs depicting nudity. The legislature defined "furnishing" as meaning "* * * to sell, give, rent, loan or otherwise provide." ORS 167.060(3). But the ORS 167.085(3) defense does not apply to "furnishing" in all of the forms specifically defined by the legislature; it applies only to the "sale, showing, exhibition or display of an item." To do as the state argues would clearly require a "construction" of the specific language of ORS 167.085(3) to include giving, renting, loaning or otherwise providing — all forms of furnishing.

In other words, we would be required to broaden the defense[9] in order to narrow the proscription. To do that, we would be inviting legislation proscribing free expression, leaving it to the courts to protect that freedom in individual cases. We may not do that. *State v. Spencer*, 289 Or 225, 611 P2d 1147 (1980); *State v. Robertson, supra.*

ORS 167.065(1)(a) proscribes too much insofar as it proscribes the furnishing of depiction of nudity *per se*. Accordingly, defendant's demurrer was properly sustained.

Affirmed.

---

[9] In *Film Follies, Inc. v. Haas*, 22 Or App 365, 370, 539 P2d 669, *rev den* (1975), *appeal dismissed*, 426 US 913 (1976), a constitutional challenge to what are now ORS 167.062 and 167.087, this court held that ORS 167.085 must be construed to avoid shifting the burden of proof on the obscenity issue to a defendant.