Argued and submitted June 10, reversed October 9, reconsideration denied December 6, 1985, petition for review denied January 28, 1986 (300 Or 506)

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM C. WOODCOCK,
*Appellant.*

(42937; CA A34352)

706 P2d 1012

Robert G. Higgins, McMinnville, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

*δ*

## YOUNG, J.

Defendant appeals his conviction for furnishing obscene materials to minors, a Class A misdemeanor. ORS 167.065(2). He argues on appeal that the trial court erred in overruling his demurrer, because ORS 167.065(1)(b) is unconstitutionally overbroad under Article I, section 8, of the Oregon Constitution.[1] We agree and reverse.[2]

Defendant sold lapel buttons containing slogans not fit for print in these pages.[3] He was convicted of furnishing material containing obscenities to minors in violation of ORS 167.065(1)(b), which provides in part:

"(1)   A person commits the crime of furnishing obscene materials to minors if, knowing or having good reason to know the character of the material furnished, he furnishes to a minor:

"* * * * *

"(b)   Any book, magazine, paperback, pamphlet or other written or printed matter * * * which contains * * * obscenities * * *."

ORS 167.060(3) and 167.060(7) provide:

"(3)   'Furnishes' means to sell, give, rent, loan or otherwise provide.

"* * * * *

"(7)   'Obscenities' means those slang words currently generally rejected for regular use in mixed society, that are used to refer to genitals, female breasts, sexual conduct or excretory functions or products, either that have no other meaning or that in context are clearly used for their bodily, sexual or excretory meaning."

ORS 167.065(1)(b) essentially prohibits furnishing minors with *any* printed matter containing "dirty words" no matter

---

[1] Article I, section 8 provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write or print freely on any subject whatever; but every person shall be responsible for abuse of this right."

[2] Defendant also argues that ORS 167.065(1)(b) is unconstitutionally overbroad under the First and Fourteenth Amendments to the United States Constitution. Because we resolve this case under the Oregon Constitution, we need not address defendant's federal claim. *State v. Spencer,* 289 Or 225, 228, 611 P2d 1147 (1980).

[3] Not even in a footnote.

how incidental the objectionable language is in the context of the work as a whole.

Even if Article I, section 8, encompassed *only* the protections of the First Amendment,[4] ORS 167.605(1)(b) is unconstitutionally overbroad. First Amendment rights with respect to the dissemination of obscene materials to minors are more limited than with respect to adults. *See Ginsberg v. New York,* 390 US 629, 88 S Ct 1274, 20 L Ed 2d 195 (1968). However, even as to minors, the Supreme Court has held that the First Amendment requires that the work be judged as a whole. *See Erznoznik v. City of Jacksonville,* 422 US 205, 213, 95 S Ct 2268, 45 L Ed 2d 125 (1975).

The state argues that that requirement is met if the statute is read in conjunction with the affirmative defense provided by ORS 167.085(3):

"In any prosecution under ORS 167.065 * * * it is an affirmative defense for the defendant to prove:

"* * * * *

"(3) That the defendant was charged with the sale, showing, exhibition or display or an item those portions of which might otherwise be contraband forming merely an incidental part of an otherwise nonoffending whole, and serving some legitimate purpose therein other than titillation."

However, in *State v. Frink,* 60 Or App 209, 653 P2d 553 (1982), we held that ORS 167.065(1)(a), which proscribed the furnishing of materials that depict nudity, was unconstitutionally overbroad in that it prohibited all depictions of nudity regardless of erotic content. We rejected the state's argument that the statute could be saved by construing the prohibition in conjunction with the defense under ORS 167.085(3), because the defense only applies to the "sale, showing, exhibition or display of materials" while the crime of "furnishing" includes giving, renting, loaning, and otherwise providing material.

Our reasoning in *Frink* applies here. Because ORS

---

[4] It does not. In some cases, Article I, section 8, provides more protection to the citizen than does the First Amendment. *Deras v. Myers,* 272 Or 47, 64, 535 P2d 541 (1975).

167.065(1)(b) applies to the giving, renting, loaning or otherwise providing materials containing "obscenities," regardless of the significance of the words in the context of the work taken as a whole, the statute is unconstitutionally overbroad under the Oregon Constitution. *State v. Frink, supra.*

Reversed.

**VAN HOOMISSEN, J.,** dissenting.

The question is whether ORS 167.065(1)(b) is sufficiently narrowly drawn to survive an overbreadth challenge. I would hold that the statute passes both state and federal constitutional muster and that the trial court properly overruled defendant's demurrer. On the merits, I would affirm defendant's conviction. Therefore, I respectfully dissent.

Oregon statutes prohibiting the dissemination of obscene materials to minors are patterned after New York statutes whose constitutionality was upheld in *Ginsberg v. New York,* 390 US 629, 88 S Ct 1274, 20 L Ed 2d 195 (1968). Defendant contends that Oregon's statutes differ materially from New York's in that the latter prohibit only the dissemination of obscene materials "harmful to minors," a term that is statutorily defined so as to incorporate a constitutionally permissible definition of obscenity. Defendant argues that the absence of any such limitation in Oregon's statutes renders them unconstitutionally overbroad. However, such a limitation *is* found in the requirement in ORS 167.085(3)[1] that the language constituting "obscenity" be the essence of the contraband matter, not "merely an incidental part of an otherwise nonoffending whole," and not serving any "legitimate purpose therein other than mere titillation."

ORS 167.085(3) should not be construed as narrowly as it was in *State v. Frink,* 60 Or App 209, 653 P2d 553 (1982), because, from an examination of the legislative history of our

---

[1]Defendant does not raise any affirmative defense under ORS 167.085. That statute provides, in relevant part:

"In any prosecution under ORS 167.065 to 167.080, it is an affirmative defense for the defendant to prove:

"(3) That the defendant was charged with the sale, showing, exhibition or display of an item, those portions of which might otherwise be contraband forming merely an incidental part of an otherwise nonoffending whole, and serving some legitimate purpose therein other than titillation."

statutes, it is clear that that subsection was intended to apply to *all* forms of furnishing obscene matter to minors. ORS 167.065, which now prohibits "furnishing" obscene materials to minors, originated as Article 29, Section 2, Preliminary Draft No. 1 (December, 1969) of the Oregon Criminal Code. It punishes, not a person who "furnishes" obscene materials to minors, but one who "sells" such materials to minors. At the time of the preliminary draft, Article 29, Section 1(9), defined "sells," as: "giving or loaning for monetary consideration or other valuable commodity or service"; and Article 29, Section 6(5), now ORS 167.085(3), spoke of the "sale, showing or display" of such materials. Proposed Article 29, Section 2, was amended to prohibit, not the *sale,* but the *furnishing* of obscene materials to minors. *See* Minutes, Subcommittee No. 1, Criminal Law Revision Commission, January 8, 1970, at 11-12. Accordingly Article 29, Section 1(9), was amended to change "sells" to "furnishes"; and "furnishes" was defined as "to sell, give, rent, loan or otherwise provide." Apparently through oversight, the language of Article 29, section 6(5), now ORS 167.085(3), was not amended to change the term "sale" to its logical successor, the term "furnishing." *See* amendments to Preliminary Draft No. 1, Proposed Oregon Criminal Code (January 22, 1970).

From there on, the language of the presently material statutes remained substantially unchanged; but the commentary to the drafts and final version of the Code continue to suggest, as they always had, that the language of present ORS 167.085(3) was intended "to allow the *sale,* distribution or display of magazines, books, films, etc., in which the offending items constitute only a minor part thereof and serve some legitimate purpose." Commentary to Proposed Oregon Criminal Code 260 (1970), at 252-253.

In that light, we were wrong in assuming in *State v. Frink, supra,* that the language of ORS 167.085(3) concerning the "sale" of obscene materials is limited to the "sell[ing]" of such materials referred to in ORS 167.060(3), to the exclusion of the other forms of "furnish[ing]" material listed in that subsection. To the contrary, ORS 167.085(3) should be construed to apply to all forms of "furnish[ing]" obscene materials to minors proscribed by ORS 167.065.