Argued and submitted May 6, reversed and remanded for trial October 30, reconsideration denied December 20, 1985, petition for review denied January 14, 1986 (300 Or 477)

# CITY OF PORTLAND,
*Appellant,*

*v.*

# GATEWOOD,
*Respondent.*

## (DA 279144; CA A34366)

708 P2d 615

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Garrett A. Richardson, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Richardson and Van Hoomissen, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The City of Portland appeals the dismissal of a charge of indecent exposure against defendant, arguing that the trial court erred in granting defendant's demurrer and holding the City's indecent exposure ordinance to be overbroad. We reverse and remand for trial.

Portland City Code § 14.24.060, which defendant is accused of violating, reads:

"It is unlawful for any person to expose his or her genitalia while in a public place, or a place visible from a public place, if the place is open or available to persons of the opposite sex."

Defendant relies on Article I, section 8, of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution for his claim that the Portland city ordinance is overbroad. We address defendant's state constitutional argument first. *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).

Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever * * *."

Defendant argues that the ordinance is overbroad in that some of the conduct it proscribes is protected speech under the section. The trial court agreed, stating:

"Whether or not this ordinance is overbroad is the critical issue. Does this ordinance encompass permitted behavior? Unlike ORS 163.465(c) which outlaws exposure of genitalia 'with the intent of arousing the sexual desire of himself or another person', Portland City Code section 14.24.060 outlaws the act of exposure itself - i.e., nudity.

"In *State v. Frink,* 60 Or App 209 (1982) our Court of Appeals upheld the trial court which had granted defendant's demurrer to ORS 167.065(1)(a) which prohibited 'furnishing obscene materials to minors.' The challenged section prohibited distributing photographs to minors which depicted nudity.

"The court in *Frink* at page 212 held that the 'mere depiction of nudity may not be prohibited, because it infringes on the constitutionally protected right of free expression.'

This case is not out of the wilderness, but follows cases in other states and U.S. Supreme Court cases which make nudity a form of permitted free expression. There can, of course, be some restrictions, but all examples cited by *Frink* and other cases require the addition of an erotic or obscene flavor to the act of nudity which is absent in the present ordinance. There is no difference in exhibiting a photograph of a nude person, showing genitals, to members of the public (as in *Frink*) or exhibiting the person to members of the public as Portland City Code section 14.24.060 seeks to prohibit. Nudity, without more, is not a crime.

"The demurrer is granted and the case dismissed."

The ruling was in error.

In *State v. Robertson,* 293 Or 402, 412, 649 P2d 569 (1982), the Oregon Supreme Court held that Article I, section 8

"forecloses the enactment of any law written in terms directed to the substance of any 'opinion' or any 'subject' of communication, unless the scope of the restraint is wholly confined within some historical exception that was well established when the first American guarantees of freedom of expression were adopted and that the guarantees then or in 1859 demonstrably were not intended to reach."

We explained in *State v. Harrington,* 67 Or App 608, 680 P2d 666 (1984), that an Article I, section 8, challenge to a statute under *Robertson* essentially involves a two-step process. The first is to determine whether the Portland ordinance is "directed to the substance of any opinion or any subject of communication." As we noted in *Harrington,*

"*Robertson* explains the constitutionally significant distinction between legislation directed against the pursuit of a forbidden effect and a provision directed against speech itself:

'[A]rticle I, section 8, prohibits lawmakers from enacting restrictions that focus on the content of speech or writing, either because that content itself is deemed socially undesirable or offensive, or because it is thought to have adverse consequences. * * * [L]aws must focus on proscribing the pursuit or accomplishment of forbidden results rather than on the suppression of speech or writing either as an end in itself or as a means to some other legislative end.' 293 Or at 416-17." 67 Or App at 611.

Defendant argues that the ordinance in question here

impinges on protected conduct as a form of free expression. We think, however, that it is clear from the terms of the ordinance that it is directed against an effect, in that it seeks to proscribe a specific type of conduct or act, *i.e.*, nudity, from occurring in a public place or a place visible from a public place, which would or could have the effect of being offensive to viewers of the opposite sex. The ordinance does not in any way punish speech or the use of words in the traditional sense.[1] Therefore, under our reading of *Robertson,* the ordinance as enacted does not on its face violate Article I, section 8, because it does not proscribe speech or any other communicative act *per se.* Accordingly, we do not reach the second step described in *Harrington.*[2]

Our inquiry, however, does not end there. Once a law challenged under Article I, section 8, for overbreadth has been found to be constitutional as enacted, it still must be examined to see if "it nevertheless might be applied in a manner that would violate Art I, § 8." *State v. Spencer,* 289 Or 225, 228, 611 P2d 1147 (1980). That is, in addition to its permissible proscriptions, does the ordinance reach otherwise protected behavior?

The United States Supreme Court has granted protection to expressive or symbolic conduct that qualifies as speech due to its communicative character. *See Spence v. Washington,* 418 US 405, 94 S Ct 2727, 41 L Ed 2d 842 (1974) (displaying of United States flag with peace symbol attached to it); *Tinker v. Des Moines School Dist.,* 393 US 503, 89 S Ct 733, 21 L Ed 2d 731 (1969) (wearing of black armbands by

---

[1] It is on this point that we believe the trial court's reliance on *State v. Frink,* 60 Or App 209, 653 P2d 553 (1982), was misplaced when it ruled that "[n]udity, without more, is not a crime." In *Frink,* we held that the "mere depiction of nudity may not be prohibited" in our examination of the state obscenity statute. ORS 167.065(1)(a). Although the statute forbade "furnishing obscene materials to minors," we found the statute unconstitutionally overbroad, because "obscene materials" was not defined anywhere in the statute, and we therefore determined that the legislation impermissibly proscribed the furnishing of "*all* materials to minors depicting nudity, regardless of the context in which the nudity is presented." *State v. Frink, supra,* 60 Or App at 212. (Emphasis in original.)

[2] If legislation is found to be in violation of Article I, section 8, on its face, the second step in *Harrington* is to determine whether the legislative prohibition is within some historical exception to that constitutional provision. Although we do not reach that analytical step in this case, we do not mean to imply that the *Robertson* methodology would be unavailable in a challenge to similar legislation under different facts and circumstances.

students to protest Vietnam war); *Brown v. Louisiana,* 383 US 131, 86 S Ct 719, 15 L Ed 2d 637 (1966) (sit-in by Black students to protest segregation). We recognize that the prohibited conduct at issue here, *i.e.,* appearing nude or exposing one's genitals in public, can constitute symbolic conduct and be a form of expression protected under Article I, section 8. Several examples will suffice to demonstrate the communicative aspect of such behavior: Lady Godiva's ride through Coventry to protest taxes; nude theatrical performances in outdoor arenas; or disrobing in public to protest the exploitation of females. *See State v. Nelson,* 178 NW2d 434 (Iowa 1970), *cert den* 401 US 923 (1971). The ordinance may therefore be said to extend its prohibition into constitutionally protected areas.

However, even if legislation is susceptible to attack for such an alleged weakness, it may be saved by a narrowing construction to bring the proscription of the ordinance within constitutionally permissible limits. *State v. Robertson, supra,* 293 Or 411-13. In fact, it is our duty to impose such a construction if it can be done without straining the boundaries of what the Portland city council sought to accomplish or what the ordinance itself conveys to a reader. *State v. Robertson, supra,* 293 Or at 411.

The authority of a city to enact reasonable legislation to regulate conduct which is thought to be detrimental to the public's health, safety, or morals is indisputable. *See City of Astoria v. Nothwang,* 221 Or 452, 351 P2d 688 (1960); *Morris v. City of Salem,* 179 Or 666, 174 P2d 192 (1946); *but see LaGrande/Astoria v. PER,,* 281 Or 137, 576 P2d 1204, *rev allowed* 284 Or 173, 586 P2d 765 (1978); *City of Portland v. Dollarhide,* 71 Or App 289, 692 P2d 162 (1984) (Joseph, C.J., specially concurring), *rev den* 298 Or 704 (1985). On that basis, bans on nudity *per se* have been upheld in other jurisdictions, usually in the context of constitutional challenges to ordinances or statutes dealing with public nudity, nude sunbathing or indecent exposure. *See Eckl v. Davis,* 51 Cal App 3d 831, 124 Cal Rptr 685 (1975); *Moffet v. State,* 340 So 2d 1155 (Fla 1976); *State v. Miller,* 54 Hawaii 1, 501 P2d 363 (1972); *State v. Nelson,* 178 NW2d 434 (1970), *cert denied* 401 US 923 (1971). *But see People v. Hardy,* 77 Misc 2d 1092, 357 NYS2d 970 (1974) ("nudity in itself is not prohibited and

lewdness cannot be presumed from the mere fact of nudity").[3] In relation to legislation regulating objectionable conduct, the Oregon Supreme Court has said:

> "The city's legislative judgment in the matter should be upheld unless the statute unreasonably impinges upon those elements of communication which may be incidental to the regulated conduct." *City of Portland v. Derrington,* 253 Or 289, 293, 451 P2d 111, *cert denied* 396 US 901 (1969).

We have similarly stated:

> "Conduct is not brought within [the] protections [of Article I, section 8] merely because it reflects particular attitudes. One may express his personality by walking the streets naked, but we may assume a municipal proscription of that act would not violate Art I, § 8." *Brookes v. Tri-Met,* 18 Or App 614, 625, 526 P2d 590 (1974).

It is therefore entirely reasonable to assume that the Portland City Council enacted the ordinance as a measure to protect the public from the possible disruptive effects and other negative results that public nudity could create. The attempt to prevent public nudity because it may unreasonably interfere with and impose on the public's health, safety and welfare is, accordingly, within the city council's legislative authority if it does not violate the constitutional prohibitions of Article I, section 8, and restrict speech.

Defendant argues, however, that the ordinance cannot be narrowed, because it does cover instances of constitutionally protected expression, as already noted. At the outset it can be said that most of the examples defendant cites in his brief do not merit consideration, because they simply do not fall within the intended proscription of the statute as discussed above. The Supreme Court has said that there is a

---

[3] The dissent in *People v. Hardy, supra,* issued a warning regarding the effect of the ruling by the majority.

"Thus, the 'streakers' of today may be the complacent unadorned 'strollers' of tomorrow, for whom our schools, streets, beaches, parks, and other public facilities, become a stage for display of their form of exhibitionism at the expense of others who are compelled to be a captive audience. Uninhibited by law and unconcerned for the rights of others, these individuals are allowed to foist upon society their peculiar idiosyncrasies and standards of indecency despite the fact that infringement of the rights of others by offensive conduct is not protected by the constitutional guarantee of freedom of expression." 77 Misc 2d at 1093.

presumption that legislators intend to except from an ordinance's proscription "all actions the prohibition of which would be absurd." *City of Portland v. Goodwin,* 187 Or 409, 418, 210 P2d 577 (1949).[4] Furthermore, the Supreme Court stated in *Robertson* that it was the legislature's responsibility

> "to narrow and clarify the coverage of a statute so as to eliminate most apparent applications to free speech or writing, leaving only marginal and unforeseeable instances of unconstitutional applications to judicial exclusion." 293 Or at 437.

That has recently been clarified by the court to mean

> "that a statute which reaches constitutionally protected behavior only rarely when compared with legitimate applications of the law need not succumb to an overbreadth attack. Such a statute may be interpreted as impliedly excluding the protected activity from coverage." *State v. Garcias,* 296 Or 688, 699 n 10, 679 P2d 1354 (1984).

■ It is our duty to interpret a constitutionally challenged statute in a manner such that, if at all possible, its validity can be upheld. *State v. Jackson,* 224 Or 337, 356 P2d 495 (1960); *City of Portland v. White,* 9 Or App 239, 241, 495 P2d 778 (1972). We accomplish that result by holding that the ordinance is intended to reach only non-protected public nudity and is to be interpreted and enforced accordingly. So narrowed, the ordinance does "eliminate most apparent applications to free speech or writing, leaving only marginal and unforeseeable instances of unconstitutional applications

---

[4] Similarly, defendant's argument that the ordinance would prohibit nudity in theatrical performances was properly rejected by the trial court, relying on *State v. Brooks,* 275 Or 171, 550 P2d 440 (1976). In *Brooks,* it was held that presentations "performed before an audience" could be differentiated from conduct or an act occurring in places where an unwilling public may be subjected to "unwanted or shocking displays." 275 Or at 176-78. It is the latter kind of nudity which the ordinance seeks to prevent.

Neither is the absence in the ordinance of a culpable mental state fatal to the ordinance, as defendant contends. The complaint in this case alleged that defendant "did unlawfully, knowingly and recklessly expose his genitalia * * *." This is sufficient under our holding in *City of Portland v. Chicharro,* 53 Or App 483, 488, 632 P2d 489 (1981) (applying state statute, ORS 161.115(2)).

Finally, despite defendant's assertions, *City of Portland v. Tuttle,* 295 Or 524, 668 P2d 1197 (1983), does not impose a blanket prohibition against applying interpretations of state statutory provisions to municipal ordinances. The "grave concerns" expressed by the Supreme Court against such an application stemmed from the peculiarities of the ordinance and statute involved in that case only. 295 Or at 530 n 7.

to judicial exclusion." *State v. Robertson, supra,* 293 Or at 437.[5]

■■    We read the challenged ordinance as focusing on the goal of regulating conduct which the city council has determined to be injurious to health, safety and morals, *i.e.,* the prohibition of public nudity or indecent exposure not intended as a protected symbolic or communicative act. The ordinance is not unconstitutionally overbroad under Article I, section 8, of the Oregon Constitution,[6] and it was error for the trial court to sustain defendant's demurrer on that basis.[7]

Reversed and remanded for trial.

---

[5] The distinction between the present case and *State v. House,* 66 Or App 953, 676 P2d 892, *modified* 68 Or App 360, 681 P2d 173, *aff'd on other grounds* 299 Or 78, 698 P2d 951 (1984), on which defendant relies, lies in the fact that, as we construed it, the statute under consideration in *House* directly and primarily burdened speech. No limiting construction was possible. Here, by contrast, the burden on communication is ancillary to the statute's otherwise legitimate purpose. A limiting construction is permissible. *State v. Robertson, supra.*

[6] Because Article I, section 8, is more protective of an individual's rights than the First Amendment in these circumstances, there is no need to discuss defendant's federal constitutional claims separately.

[7] Our disposition of this case is pretrial. The question of whether nudity in a particular case is a symbolic or communicative act is a question of fact. We express no opinion, at this stage of the case, as to what kind of evidence at trial would serve to raise the issue or how a jury should be instructed on the question.