Argued and submitted June 2, 1989, affirmed January 31, 1990

# CITY OF PORTLAND,
*Respondent,*

*v.*

# BITANS,
*Appellant.*

## (DA 346251; CA A48349)

786 P2d 222

Henry Kane, Beaverton, argued the cause and filed the briefs for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for attempting to block and interfere with a pedestrian along a public sidewalk with intent to interfere with her free passage. Portland City Code Section 14.20.060.[1] The city's complaint charged that

"defendant * * * did unlawfully, with the intent to interfere with free passage, attempt to block and interfere with persons along a public sidewalk."

He assigns as errors that the court overruled his demurrer to the complaint, denied his motion for an evidentiary hearing on his assertion of discriminatory enforcement of the ordinance, found him guilty on insufficient evidence and convicted him for behavior that is constitutionally protected. We affirm.

The court could have found these facts. Marsha Spellman attended a weight loss clinic in the Portland Medical Center Building, in which there was also a clinic that performed abortions. The front of the building is located on the west side of S.W. 10th Avenue on approximately the northeast quarter of the block between S.W. Washington Street and S.W. Alder Street. On June 12, 1987, on the sidewalk in front of the building, defendant and others were demonstrating and distributing leaflets in opposition to abortion. As Spellman left the building after visiting the weight loss clinic, defendant handed her a leaflet. She tore it in two and threw it down. She turned and walked south along the sidewalk on the west side of 10th Avenue in order to cross the avenue at the corner of S.W. Alder Street.

---

[1] Section 14.20.060 provides:

"(a) No person with the intent to interfere with free passage shall block or attempt to block or interfere with any person(s) along the public sidewalks by any means, including but not limited to standing on that part of the sidewalk used for pedestrian travel or by placing any object or vehicle in such area.

"(b) No person with the intent to interfere with the free ingress to or egress from shall block or attempt to interfere with or block pedestrian or vehicular entrances to public or private property abutting the public sidewalk.

"(c)(1) Violation of this section subjects a person to a maximum penalty of a $250.00 fine only.

"(2) In lieu of the penalty provided for above, a judge may sentence a person found in violation of this section to community service for such period as is provided for misdemeanors pursuant to ORS 137.126 to ORS 137.129.

"(d) This section shall not apply to any activity otherwise made lawful."

As Spellman walked south toward the corner, defendant left the area where the other abortion protesters were, came running after her and shouted, "Are you having a snit fit?" Spellman turned around and saw defendant jumping up and down about six to eight feet behind her. She turned back and continued toward the corner. When she arrived at the corner and while she waited for the light to change, defendant jumped up and down in a partial circle, about 12 to 18 inches from her. When police officers approached, defendant stopped jumping. The officers arrested him.

■    Defendant assigns as error that the court overruled his demurrer in which he had asserted that the ordinance was unconstitutionally vague and also overbroad on its face.[2] We address the state constitutional issues first. *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).

A statute is vague if it fails "to notify potential defendants of its scope and reach." *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969). This ordinance is not vague. Our conclusion is the same under the federal constitution. *See Papachristou v. Jacksonville,* 405 US 156, 92 S Ct 839, 31 L Ed 2d 110 (1972).

The ordinance is not by its terms directed at the substance of any opinion or subject of communication. *See State v. Robertson,* 293 Or 402, 649 P2d 569 (1982); *State v. Harrington,* 67 Or App 608, 680 P2d 666, *rev den* 297 Or 547 (1984). Instead, it is expressly directed only against an effect—blocking or attempting to block or to interfere with any person on a public sidewalk with the intent to interfere with her free passage. Subsection (d) provides that the ordinance "shall not apply to any activity otherwise made lawful." *See City of Portland v. Gatewood,* 76 Or App 74, 708 P2d 615 (1985), *rev den* 300 Or 477 (1986). The ordinance, therefore, is not overbroad on its face. Our answer is the same under the federal constitution. *See Broadrick v. Oklahoma,* 413 US 601, 93 S Ct 2908, 37 L Ed 2d 830 (1973).

■    Defendant also asserts that the ordinance as applied

---

[2] Defendant also demurred on the ground that the complaint "does not identify the persons that are the subject of the complaint." Defendant does not assign as error the court's adverse ruling on the assertion.

to his conduct is unconstitutional, because it imposes a criminal penalty on conduct associated with expression. He argues that a person exercising rights of expression should not be punished under the ordinance. Even assuming that defendant's argument could be correct in some circumstances, it is inapplicable here. The court could have found that, when defendant jumped up and down near Spellman at the corner of S.W. 10th Avenue and Alder Street, he was attempting to block and interfere with her along a public sidewalk and did so with intent to interfere with her free passage. There was no evidence from which the court could have found that at that time defendant was carrying a sign or placard or was trying to hand a leaflet to Spellman or to speak to her.

On January 18, 1988, defendant moved on state and federal constitutional grounds for an evidentiary hearing on his claim that the city had enforced the ordinance against him in a discriminatory manner.[3] The court stated that it would postpone a decision on the motion until after it had heard the evidence at trial but that it would not find guilt or innocence until it had ruled on the motion. Defendant did not object. At the close of trial on January 28, the court asked the parties to submit briefs on whether it should hold an evidentiary hearing. On March 18, without a hearing, the court denied the motion. It stated that defendant had failed to establish a "*prima facie*" case sufficient to raise a reasonable doubt about the prosecutor's motive in prosecuting him.

Defendant assigns as error that the court did not grant his motion. He asserts that the court should have held a hearing on the basis of the affidavits that he submitted with his motion. Although defendant based his claim of discrimination on both Article I, section 20, and the Equal Protection Clause of the Fourteenth Amendment, he does not argue that the former should be construed differently from the latter and, for purposes of this case, we will treat the reach of the constitutional provisions as the same.

---

[3] Defendant also assigns error to the court's denial of his January 18 motion "for an ORS 135.037 omnibus hearing." He asserts that that statute is applicable, *see* ORS 46.800, ORS 46.047, and that an evidentiary hearing is mandatory on a defendant's request. We do not reach those questions. Defendant's motion did not mention ORS 135.037. In a letter to opposing counsel on February 9, defendant's counsel stated that he was *not* relying on ORS 135.037. On March 21, *after* the trial, defendant first requested an omnibus hearing under ORS 135.037.

To make out a claim of discrimination on the basis of selective prosecution, a defendant must establish that (1) the prosecutor has not prosecuted others similarly situated for similar conduct and (2) the decision to prosecute was based on impermissible grounds, as, for example, race, religion or the exercise of constitutional rights. *See Jarrett v. U.S.,* 822 F2d 1438, 1443 (7th Cir 1987); *State v. Freeland,* 295 Or 367, 375, 667 P2d 509 (1983); *City of Eugene v. Crooks,* 55 Or App 351, 354, 637 P2d 1350 (1981), *rev den* 292 Or 722 (1982). Defendant's affidavits do not address those elements. Moreover, they deal with prosecution or failure to prosecute for offenses other than violation of PCC 14.20.060, except that defendant's counsel's affidavit asserts that Spellman should have been prosecuted under PCC 14.20.060 for her activities in front of the building. From the evidence at trial, the court could *not* have concluded that Spellman violated the ordinance or that the prosecutor should have prosecuted her. Counsel's affidavit is primarily conclusory and adds little to the facts before the court.

Even if all of the *facts* were true, they would not be sufficient to support defendant's discrimination claim. The court had discretion to deny the motion for an evidentiary hearing and did not abuse it.

Defendant's other arguments do not merit discussion.

Affirmed.