NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW MGLEJ, | No. 16-35126 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00096-MO |
| v. | |
| MULTNOMAH COUNTY, a political subdivision of the state of Oregon; MULTNOMAH COUNTY SHERIFF'S OFFICE; MULTNOMAH COUNTY DEPARTMENT OF CORRECTIONS; PORTLAND POLICE BUREAU; CRAIG DOBSON, Police Officer; SARAH PAYTON, Police Officer; MELISSA J. NEWHARD, Police Officer; ENGSTORM, Police Officer; BRUCE S. BLEDSOE; JOHN DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted March 8, 2018
Portland, Oregon

Before: FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Matthew Mglej was arrested after staging a nude protest in front of the Portland federal district courthouse. After the City of Portland dropped all charges, Mglej filed this 42 U.S.C. § 1983 action against the City, Multnomah County, County deputies, and Portland police officers, alleging unlawful arrest, malicious prosecution, violations of his free speech rights under the state and federal constitutions, and state law assault and battery. The district court granted summary judgment to the defendants on all but the assault and battery claims against the County, and a jury returned a defense verdict. Mglej timely appealed from the resulting judgment, and we affirm.

1. The City of Portland police officers were entitled to qualified immunity on Mglej's Fourth Amendment claims. "[Q]ualified immunity is available if a reasonable police officer could have believed that his or her conduct was lawful, in light of clearly established law and the information the . . . officers possessed." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). Mglej argues that *City of Portland v. Gatewood*, 708 P.2d 615 (Or. App. 1985) (in banc), clearly establishes that his arrest under Portland's indecent exposure law violated the Oregon constitution. But that case found Portland's Code provision facially *constitutional*, stating only that it sometimes may be unconstitutional as applied. *Id.* at 617–18. Because the case does not establish "beyond debate" that Mglej's actions were lawful, the officers are entitled to qualified immunity. *Mullenix v. Luna*, 136 S. Ct.

305, 308 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

2. The district court properly held that there is no private right of action for damages under the free-speech provision of Oregon Constitution. *See Hunter v. City of Eugene*, 787 P.2d 881, 884 (Or. 1990) ("[P]ersons whose rights under Article I, section 8, of the Oregon Constitution are violated by a municipality or its employes [sic] may not bring an action for damages against the municipality or its employes [sic] directly under the constitution, but will be limited to existing common-law, equitable, and statutory remedies.").

3. The Portland police officers are entitled to qualified immunity on Mglej's First Amendment claims. Whether the First Amendment protects conduct turns on "whether [a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (quoting *Spence v. Washington*, 418 U.S. 405, 410–11 (1974) (per curiam)) (alterations in original). Nudity by itself is not expressive conduct, *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 570 (1991), and no case clearly establishes that Mglej's conduct constitutes protected speech, *see Mullenix*, 136 S. Ct. at 309.

4. Mglej also argues that the district court erred by stating, in response to a juror's question about whether Mglej's public nudity was legal, that "the law regarding public nudity is not relevant to t[his] case." That answer was correct. The

3

sole issue at trial was whether the County officers assaulted Mglej while he was in custody. The legality of Mglej's prior conduct was irrelevant to the jury's task.

**AFFIRMED**.